[No. 21183.    Department One.—May 28, 1895.]

THE PEOPLE, RESPONDENT, v. H. SIMONSEN, APPELLANT.

CRIMINAL LAW — OBTAINING PROPERTY UNDER FALSE PRETENSES — MIS-REPRESENTATION AS TO OWNERSHIP OF LAND—EVIDENCE—ADMISSIONS OF DEFENDANT—CORPUS DELICTI.—Upon a charge of obtaining property under false pretenses, through misrepresentations made by the defendant as to his ownership of land, evidence of the extrajudicial statements and admissions of the defendant are insufficient to prove the fact that he owned no land as represented, that fact being an essential element and part of the *córpus delicti,* which must be established before the admissions of the defendant are admissible in evidence.

ID.—MEANING OF CORPUS DELICTI.—The term *corpus delicti* involves the elements of crime; and, in order to prove it, all of the elements of crime must be made to appear before defendant's confessions are admissible for any purpose; and they cannot be used to establish any necessary element of the commission of a crime.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George Hayford*, for Appellant.

*Attorney General W. F. Fitzgerald*, for Respondent.

GAROUTTE, J.—The defendant was convicted of the crime of obtaining property under false pretenses, and prosecutes an appeal from a judgment and order denying his motion for a new trial. No briefs have been filed in the case.

It is claimed that the evidence is insufficient to support the verdict, and we think the claim has merit. The facts of the case may be stated as follows: Defendant secured several hundred dollars from the prosecuting witness, Wolters, by reason of the following representations and pretenses: Defendant stated to Wolters that he, defendant, was the owner of a certain tract of land in the state of Minnesota, and proposed to secure a loan from said Wolters, giving as security therefor a deed to this tract of land. The money was loaned, and the deed given as contemplated and agreed. It is charged in the information that the representations made by defendant to Wolters as to his ownership of land in Minnesota are false, and that in fact he owned no land as represented.

At the trial the only evidence offered by the prosecution to prove that defendant did not own any land, as represented, were the extrajudicial statements and admissions of the defendant himself to that effect, and we hold them insufficient to prove the fact. It is elementary that the *corpus delicti* must be established before extrajudicial statements and admissions of a defendant are admissible in evidence, and can be considered as tending to establish the fact to which they relate. The falsity of the representations made by defendant as to his ownership of the land is a material and essential element and portion of the *corpus delicti*, and a defendant's admissions alone can never be relied upon to establish as sufficient any fact which is a necessary ingredient to form the body of the crime.

The term "*corpus delicti*" means exactly what it says.

It involves the element of crime. Upon a charge of homicide, producing the dead body does not establish the *corpus delicti.* It would simply establish the *corpus;* and proof of the dead body alone, joined with a confession by the defendant of his guilt, would not be sufficient to convict. For there must be some evidence tending to show the commission of a homicide, before a defendant's confession would be admissible for any purpose. Upon a charge of arson mere proof that a building was destroyed by fire does not establish the *corpus delicti,* and the defendant's confession of his guilt, made extrajudicially in connection with such proof, is not sufficient to sustain a judgment of conviction. For there is no evidence of the commission of a crime other than the defendant's statements, and the law in the exercise of a jealous care over its subjects demands something more. To be sure, the appearance of the dead body, the nature of the wounds, the evidences of a struggle, the physical circumstances surrounding the affair, may furnish evidence of the *corpus delicti*—they may indicate that a crime has been committed, but there must be proof of the fact from some source other than the defendant's admissions. A building may be burned under such suspicious circumstances as to indicate the act of an incendiary, and thus a *corpus delicti* established and the doors opened for the defendant's admissions and confessions, but there must be some evidence of some kind tending to show the incendiary character of the fire, aside from these admissions and confessions.

Laying aside the evidence of defendant's admissions, there is nothing whatever in the record even pointing toward the commission of a crime, and this condition furnishes a sure and conclusive test that the falsity of the representations is a necessary element of the *corpus delicti.* Indeed, the falsity of these representations as to the ownership of the land form the core of the charge and make the defendant's conduct and acts a crime, when otherwise they would be entirely innocent and lawful. For these reasons we conclude the evidence

offered at the trial failed to establish *prima facie* the *corpus delicti,* and that defendant's admissions cannot be relied upon to supply the defect in the proof. As supporting the general principles of law here declared, we cite 3 Greenleaf on Evidence, sec. 30; *People* v. *Jones,* 31 Cal. 565; *People* v. *Thrall,* 50 Cal. 416; *People* v. *Alviso,* 55 Cal. 230. In the Jones case a quotation is made from *Sam* v. *State,* 33 Miss. 352, which indicates inferentially that, joined to defendant's admissions, proof of death is sufficient against a defendant in a case where a homicide is charged; and that upon a charge of arson proof of the burning of the building is sufficient, but the doctrine of the Jones case itself goes to the full lengths here laid down. There appear to be no other errors in the record.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

HARRISON, J., and VAN FLEET, J., concurred.