[Crim. No. 420. Department Two.—December 8, 1898.].

THE PEOPLE, Respondent, v. BOO DOO HONG, Appellant.

CRIMINAL LAW—UNLAWFUL PRACTICE OF MEDICINE—SUFFICIENCY OF INFORMATION — EXISTENCE OF MEDICAL SOCIETIES.— An information charging the defendant with the crime of willfully and unlawfully practicing medicine in the state of California, without having first procured the certificate so to practice, as required by law, from some one of the medical societies named in the statute, states facts sufficient to constitute a public offense. It is not necessary to allege the existence of the medical societies referred to.

ID.—NEGATIVE AVERMENT—EVIDENCE—BURDEN OF PROOF AS TO CERTIFICATE.—The averment in the information that defendant practiced medicine without having first procured the certificate to do so required by law is a negative averment as to a fact which is peculiarly within the knowledge of the defendant; and, upon evidence of the practice of medicine by him, the burden is devolved upon him to prove that he had a certificate to practice medicine as provided by law, and, in the absence of such proof, it must be taken as true that he had not procured such certificate.

APPEAL from a judgment of the Superior Court of Tehama County and from an order denying a new trial.   John F. Ellison, Judge.

The facts are stated in the opinion.

J. T. Matlock, for Appellant.

W. F. Fitzgerald, Attorney-General, and C. N. Post, Deputy Attorney-General, for Respondent.

BELCHER, C.—The defendant was charged by information, filed in the superior court of Tehama County, with the crime of willfully and unlawfully practicing medicine in the state of California, without having first procured a certificate to so practice as required by law. He demurred to the information, and, his demurrer being overruled, then pleaded not guilty. He was subsequently tried and found guilty of the offense charged, and judgment was entered that he pay a fine of three hundred and fifty dollars, et cetera. From that judgment and an order denying his motion for a new trial he has appealed.

The demurrer was properly overruled. The facts stated in the information were sufficient to constitute a public offense, and it was not necessary to allege the existence of the medical societies referred to. (*People v. O'Leary*, 77 Cal. 30.)

At the trial uncontradicted evidence was introduced by the prosecution sufficiently showing that for several months prior to the filing of the information defendant had been practicing medicine at Red Bluff, in the county of Tehama (*People v. Lee Wah*, 71 Cal. 80), but no evidence was introduced on either side showing, or tending to show, that defendant had or had not a certificate to so practice, as required by law. (Stats. 1875-76, p. 792; Stats. 1877-78, p. 918.) And at the conclusion of the evidence the court instructed the jury quite fully upon all the questions of law involved in the case, and, among other things, told them, in effect, that the burden was upon the defendant to establish that he had a certificate to practice medicine as provided by law, and, if he failed to prove that he had such certificate, then it must be taken as true that he had not procured a certificate to so practice medicine.

It is contended for appellant that the said instruction was er-

roneous and misleading, and that the verdict was not justified by the evidence, because in a criminal action the defendant is presumed to be innocent until he is proved guilty beyond a reasonable doubt, and this presumption continues through the entire trial, and the burden is upon the people to establish his guilt by proving every material allegation of the information; and that as the information charged that defendant had practiced medicine without having a certificate to do so, it devolved upon the people to prove that fact, and having entirely failed to offer any such proof he ought not to have been convicted, and his motion for new trial should have been granted.

The general rule is undoubtedly as above stated, but there is a well recognized exception to the rule, where there is a negative averment of a fact which is peculiarly within the knowledge of the defendant.

Mr. Greenleaf, in his work on Evidence, volume 1, section 79, under the heading "Negative Allegations," says: "But when the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor; as, for selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it without the least inconvenience; whereas, if proof of the negative were required, the inconvenience would be very, great." (Citing a large number of cases. See, also, 3 Rice on Evidence, sec. 260, where the same rule is declared.)

In 1 Jones' Law of Evidence, section 179, under the heading "Burden as to particular facts lying peculiarly within knowledge of a party," it is said: "This is often illustrated in prosecutions for selling liquors or doing other acts without the license required by law. By a few authorities the rule is prescribed that in such cases the prosecution must offer some slight proof of the fact that no license has been granted, for example, by producing the book in which licenses are recorded; and, if the book fails to show that a license has been granted, the burden is shifted upon the defendant to prove the fact claimed by him; but the greater number of authorities hold that where a license would be a com-

plete defense the burden is upon the defendant to prove the fact so clearly within his own knowledge." (Citing cases.)

We think the rule upon this subject generally recognized and followed the correct one, and therefore conclude that the court did not err in giving the instruction complained of, and that the verdict was justified by the evidence.

The judgment and order appealed from should be affirmed.

Haynes, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., McFarland, J., Temple, J.