[Crim. No 388.   Department One.—December 19, 1898.]

THE PEOPLE, Respondent, v. WALTER JONES, Appellant.

CRIMINAL LAW—ARSON—EVIDENCE—ORDER OF PROOF—CONFESSIONS—
CORPUS DELICTI.—The order of proof is in the discretion of the court;
and though ordinarily the *corpus delicti* is the first point to which
evidence should be addressed, yet if it does not clearly appear
that the defendant was prejudiced thereby, a ruling permitting
the admission in evidence of the confessions of a defendant
accused of arson, before proof of the *corpus delicti*, will not
justify a reversal of the judgment.

ID.—NATURE OF CORPUS DELICTI.—The *corpus delicti* is made up of certain
facts forming its basis, and the existence of criminal agency as
the cause of them.

ID.—DEGREE OF PROOF REQUIRED—ADMISSIBILITY OF CONFESSIONS.—In
order to justify a conviction, a jury must be satisfied beyond
a reasonable doubt of every fact necessary to constitute the
offense, and to identify the defendant as its perpetrator; but
it is not necessary that the evidence of the *corpus delicti* should
be of such conclusive character, nor that it should itself con-
nect the defendant with the perpetration of the offense, in or-
der to justify the admission of the defendant's confessions.

ID.—CORROBORATION OF CONFESSIONS BY CORPUS DELICTI.— Although
extrajudicial confessions cannot warrant a conviction unless
corroborated by proof *aliunde* of the *corpus delicti*, yet full proof
of the body of the crime, independently of the confession, is
not required, it being sufficient that there are corroborating
facts which, with the confession, show the existence of an of-
fense of which the defendant is guilty.

ID.—CONFESSIONS OF ARSON—EVIDENCE OF INCENDIARY FIRE.—Evidence
that the buildings for the burning of which the defendant was
accused of arson, were in fact burned under circumstances
which tended in some degree to indicate that the fire was of
incendiary origin, though weak and unsatisfactory in particu-
lars capable of more explicit statement, is sufficient corrobora-
tion of the confessions of the defendant to justify their ad-
mission.

ID.—ORDER OF TRIAL OF CODEFENDANTS—DISCRETION.—The court has
discretion to direct which one of codefendants accused of arson,
who have pleaded separately, shall be first tried.

ID.—ARGUMENT—LIMITATION OF NUMBER OF COUNSEL.—Upon the trial of
a defendant accused of arson, or of any offense not punishable
with death, the court may refuse to permit more than one
counsel to argue the case for the defendant.

ID.—AIDING AND ABETTING OFFENSE—INSTRUCTION.—An instruction that
if the jury find from the evidence beyond a reasonable doubt

that defendant was informed of the purpose of his codefendant in going to the premises, and held the horse while he or another person set fire to the house, they should find him guilty, is not an instruction as to how the jury should find the facts to be, but as to the conclusion that should be drawn if they found the facts stated to be true, and is properly given.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. J. R. Webb, Judge.

The facts are stated in the opinion.

M. K. Harris, and S. L. Carter, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

HAYNES, C.—The defendant was convicted of the crime of arson in the second degree and sentenced to imprisonment in the state's prison for the term of five years, and appeals from the judgment and an order denying his motion for a new trial.

The information charged that Walter Jones and L. B. Spivey on March 6, 1897, did willfully, unlawfully, et cetera, set fire to and burn a certain dwelling-house, the property of one W. A. Cosby.

The first witness called for the prosecution was S. S. Crutcher, the deputy constable who arrested the defendant, and who it appears had acted as a detective in working up the case, and it was proposed to prove by him certain statements in the nature of confessions made by defendant Jones, who was then being tried, the defendants having severed. It was objected that the *corpus delicti* had not been proved. Ordinarily, the *corpus delicti* should be the first point to which the evidence should be directed; but the order of proof is usually in the discretion of the court, and, unless it clearly appears that the defendant has been prejudiced by the manner in which that discretion has been exercised, it will not justify a reversal of the judgment. We see no such prejudice, the court having then notified the district attorney that if he did not afterward introduce evidence upon that point the evidence of confessions would be stricken out.

The evidence of the *corpus delicti* was, in substance, that four detached buildings were burned, consisting of a dwelling-house, barn, granary, and chicken coop. These buildings were upon a forty-acre lot belonging to Mr. Cosby, and situated in the country some twelve miles from Fresno. Luther Spivey, who was jointly charged with defendant Jones, had taken a lease of the premises about a month before the fire, but for what term does not appear, the only statement in that regard being that it had not expired. Spivey testified he had slept there perhaps eight or ten or twelve times; that he came from the ranch to his father's house, in or near Fresno, on Friday evening and did not go back until Monday, at which time he found the buildings burned. A farmer living two or three miles away testified that he saw a fire in the direction of the Cosby place about 9 or 10 o'clock on Saturday night, March 6th, but could not tell what it was owing to intervening trees.

Another witness testified that he drove by the Cosby place on Monday morning, and there was a little steam or smoke from the moisture and heat, and thought the fire had occurred about two days before; that he saw where a horse and buggy had been hitched near the roadside; that he drove on, and when he returned he drove in and shot some pigeons and saw the tracks of two men leading from where the buggy stood toward the house and back to the roadside. He estimated the distance from the house to the barn at one hundred and fifty feet; from the house to the granary "about sixty or eighty feet, forty or sixty feet"; that another building was about one hundred feet from the house, but not one hundred feet from the granary, which was between it and the house and about forty or sixty feet from the house and the other buildings. J. M. Schier, also called for the prosecution, testified that the barn was about fifteen or twenty paces from the house; that the granary was the nearest building to the house, and about ten or fifteen paces from it, and the chicken coop a few paces more.

No description was given of any of these buildings, except that the house had five rooms, nor was any estimate given of their value, or whether there was or was not inflammable material about them which might be ignited from sparks, nor can the relative location of the several buildings be ascertained from

the evidence, though the direction and distance of each from the house was capable of exact ascertainment and proof. The only additional facts appearing are that it rained either Friday night or Saturday night, and that Cosby had an insurance of three hundred dollars on the house and one hundred dollars on the barn. On behalf of the prosecution it is urged that each of these buildings must have been separately fired, and that therefore the incendiary character of the fire is sufficiently shown to admit evidence of the confessions.

"The *corpus delicti* is made up of two things: 1. Certain facts forming its basis; and 2. The existence of criminal agency as the cause of them." (Best on Evidence, Am. ed. 1883, sec. 442. See, also, *People v. Simonsen*, 107 Cal. 345; 7 Am. & Eng. Ency. of Law, 861, et seq., under title "Corpus Delicti," and 6 Am. & Eng. Ency. of Law, 582, "Confessions," and numerous cases cited in the notes.)

As to the degree of evidence required to show criminal agency, a distinction must be taken between the evidence which upon the whole case would justify a conviction, and that degree of proof of criminal agency in the burning of the buildings for the purpose of letting in evidence of the confessions or admissions of the defendant. To justify a conviction, the jury must be satisfied beyond a reasonable doubt of the existence of every fact necessary to constitute the offense and to identify the defendant as the perpetrator; but it is not necessary that the evidence of the criminal act should be of that conclusive character in order to justify the admission of the defendant's confessions. The rule is well established that a conviction cannot be had on the extrajudicial confessions of the defendant, unless corroborated by proof *aliunde* of the *corpus delicti* (*People v. Jones*, 31 Cal. 566; *People v. Thrall*, 50 Cal. 415; *People v. Simonsen*, *supra*); but it is not necessary that the evidence of the *corpus delicti* should itself connect the defendant with its perpetration in order to make the confession admissible. Mr. Justice Clifford, commenting upon the language used in Greenleaf on Evidence, said: "Considering the language employed by that author, it is somewhat doubtful how far he would carry the doctrine; and, if it is to the extent that the *corpus delicti* must be fully proved independently of the confession, we are not pre-

pared to adopt it, as in that view the admission of the confession would be useless, except to prove the agency of the accused, and would operate as an exclusion of the confession for any other purpose; whereas, if freely and voluntarily made, it is clearly admissible as evidence in support of any element in the charge to which it applies.   Full proof of the body of the crime, the *corpus delicti*, independently of the confession, is not required, says Nelson, C. J., in *People v. Badgley*, 16 Wend. 59, by any of the cases; and in many of them slight corroborating facts were held sufficient."   (*United States v. Williams*, 1 Cliff. 5, 24.)

So in *People v. Simonsen, supra,* it was said, in illustration of the case there under consideration: "A building may be burned under such suspicious circumstances as to indicate the act of an incendiary, and thus a *corpus delicti* established and the doors opened for the defendant's admissions and confessions; but there must be some evidence of some kind tending to show the incendiary character of the fire, aside from these admissions and confessions."

In the case before us, I think the evidence, though weak and unsatisfactory in particulars capable of more explicit statement, is sufficient to justify the admission of the confessions.   The buildings were in fact burned, and the circumstances tended in some degree to indicate that the fire was of incendiary origin, and therefore the confessions were in some degree corroborated.

The defendant objected to the admission of evidence that any building was burned other than the one specified in the information.   The evidence was admissible in proof of the *corpus delicti,* and also in corroboration of the confession of the defendant that Spivey, after setting fire to the house, set fire to the barn.

We think the court did not abuse its discretion in directing defendant Jones to be first tried, nor in refusing to permit more than one counsel to argue the case for the defendant.   Section 1095 of the Penal Code expressly authorizes the court to restrict the argument to one counsel on each side except in cases where the offense charged is punishable with death.

To one of the instructions it is objected that "it is error to charge upon the facts of the case," and that the jury are instructed that remaining in the buggy while another applied the match

was aiding in the commission of the offense. The court properly instructed the jury that if they found from the evidence beyond a reasonable doubt that defendant was informed of the object of Spivey in going to the premises, and did hold the horse while he or another set fire to the house, that they should find him guilty. This was not an instruction as to how the jury should find the facts to be, but an instruction as to the conclusion that should be drawn if they found the facts stated to be true. It is said that "there is evidence showing that the burning was against defendant's will." We find no evidence of that character.

Other exceptions appear in the record, but after careful examination we find none that would justify a reversal of the judgment, or which requires special notice.

The judgment and order appealed from should be affirmed.

Britt, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Garoutte, J., Van Fleet, J., Harrison, J.