## COHEN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   March 13, 1923.)

No. 191.

Criminal law ⚖⇒534(2)—Confession held sufficiently corroborated.

In trial for unlawfully possessing an altered Liberty Loan Bond, with intent to defraud and pass the same, knowing it to have been altered, contrary to Criminal Code, § 151 (Comp. St. § 10321), motion to dismiss indictment and direct acquittal, on the ground that accused's confession was not sufficiently corroborated by other evidence to sustain conviction, was properly denied, where there was found on the person of accused when arrested a slip of paper which had been given by a third party to one S., to whom accused had given the bond to pass, which slip contained the name and address of the bank and of the district attorney by whom such bond had been taken from the third party after S. had passed it to him.

In Error to the District Court of the United States for the Southern District of New York.

Louis Cohen was convicted of violation of Criminal Code, § 151, and brings error. Affirmed.

George Wolf, of New York City, for plaintiff in error.

William Hayward, U. S. Atty., of New York City (Keith Lorenz, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error was indicted with one Stein for having unlawfully, willfully, and knowingly in his possession an altered $1,000 registered Liberty Loan Bond, with intent to defraud and pass the same, knowing it to have been altered. The alteration consisted in the obliteration of the name of the registered holder and of a numeral in the serial number of the bond. Both defendants were tried together and convicted. Cohen alone appeals.

The evidence upon which the plaintiff in error was convicted was, in the main, his own confession. There was, however, other evidence of corroboration. Stein was out of work. He and the plaintiff in error had been friends for eight months. Stein informed a witness called that the plaintiff in error wanted him to sell "stocks and papers." A merchant named Krasnoff testified that Stein came to him one evening with a $1,000 Liberty Loan Bond and offered it to him in payment of a debt of $140 owing to Krasnoff, requesting the difference in cash. The next morning this bond was taken to the bank by Krasnoff and another, to find out if it was a legal obligation. There the bond was taken from Krasnoff and he was brought to the United States attorney's office. Some misstatements were made by him in an effort to shield his friend Stein. Later he gave Stein the name and address of the bank and of the district attorney, because it was said that Stein would not credit his statement that the bond had been taken from him. These names and addresses on a slip of paper were found upon the person of the plaintiff in error when he was arrested on January 25,

1922. The slip of paper bore the words "District Attorney James, Post Office," and on another slip of paper "Max Krasnoff, 308 E. 8th St. State Bank, Delancy St. Branch." Stein made a confession after his arrest, in which he said he obtained the bond from the plaintiff in error. This, however, was admissible against Stein only. At the trial, Stein repudiated what he had said at the district attorney's office.

When the plaintiff in error was arrested and later, he made statements incriminating himself. He said that he had possession of $7,750 worth of bonds which the government had missed by taking him into custody five minutes too late. He said he had information regarding some $400,000 worth of government securities, including $290,000 worth of Liberty Bonds and about $100,000 worth of railroad securities buried somewhere near Chicago; that a number of them were altered, including the specific $1,000 bond in the case, and that he had given this bond and another one of $50 to Stein; that he did not owe Stein any money. He therefore admitted his possession of and the passing of the specific bond to Stein. He had been previously convicted of crime three times. His explanation of the possession of the slips of paper was not worthy of belief.

But it is said that error was committed, because there was no corroborative evidence to support the conviction, and that the motions to dismiss the indictment and direct a verdict of acquittal should have been granted. This court said in Daeche v. United States, 250 Fed. 566, 571, 162 C. C. A. 582, 587, speaking of a verdict of guilty upon the confession of a defendant:

"* * * Any corroborating circumstances will serve which in the judge's opinion go to fortify the truth of the confession. Independently they need not establish the truth of the corpus delicti at all, neither beyond a reasonable doubt nor by a preponderance of proof. U. S. v. Williams, supra [28 Fed. Cas. ——, No. 16,707]; Flower v. United States, supra [116 Fed. 241]; People v. Badgley, 16 Wend. (N. Y.) 53; People v. Jaehne, 103 N. Y. 182, 199, 8 N. E. 374; Ryan v. State, 100 Ala. 94, 14 South. 868; People v. Jones, 123 Cal. 65, 55 Pac. 698."

The evidence referred to required the trial judge to deny the application of a motion for judgment of acquittal. Plaintiff in error's confession, if the jury believed it, together with his connection with the effort to sell the bond, as shown by the slips of paper, was sufficient to justify the submission to the jury. There was no request to charge that a conviction could not be had on the confession of the defendant alone. Some degree of corroborative evidence is sufficient, and we think that there is in plaintiff in error's confession the explanation of the finding of the pieces of paper on his person. His implication with his codefendant is there established, and the only inference to be drawn from their possession is that the plaintiff in error was associated with him in the possession of the $1,000 bond and the attempt to dispose of it. All this was sufficient to justify the verdict of guilty.

Judgment affirmed.