[Crim. No. 1220. Second Appellate District, Division One.—August 28, 1925.]

## THE PEOPLE, Respondent, v. JESUS VILLANUEVA, Appellant.

[1] Criminal Law—Alien Firearms Law—Corpus Delicti—Extra-judicial Statements.—In the prosecution of an alleged alien under the terms of the act of the legislature approved June 13, 1923 (Stats. 1923, p. 696), the foreign nativity and non-naturalization of the defendant are essential elements of the *corpus delicti,* and where those facts have not been shown by independent evidence, it is error for the trial court, over defendant's objection, to admit defendant's admission or confession that he was born in Mexico and that he had never been naturalized as a citizen of the United States.

(1) 16 C. J., p. 718, n. 45, p. 865, n. 87, 91.

APPEAL from a judgment of the Superior Court of Ventura County and from an order denying a new trial. Merle J. Rogers, Judge. Reversed.

The facts are stated in the opinion of the court.

1. See 26 Cal. Jur. 579.

Drapeau, Orr & Gardner for Appellant.

U. S. Webb, Attorney-General, Erwin W. Widney, Deputy Attorney-General, and John L. Flynn for Respondent.

HOUSER, J.—Defendant was convicted under the terms of an act of the legislature approved June 13, 1923 (Stats. 1923, p. 696) containing, among other things, a provision to the effect that no unnaturalized foreign-born person shall own or have in his possession, or under his custody or control, any pistol, revolver or firearm having a barrel of less than twelve inches in length and therefore capable of being concealed upon the person.

Defendant appeals from the judgment and from the order denying his motion for a new trial.

[1] It appears that on the trial, over defendant's objection, evidence was admitted by the court of defendants' confession or admission that he was born in the town of Moratio, in the republic of Mexico, and that he had never been naturalized as a citizen of the United States. No other evidence either of defendant's nativity or of the fact as to whether or not he had been naturalized as an American citizen was introduced in evidence.

The principal point relied on by appellant for reversal of the judgment is that the fact as to the place of birth of defendant was an essential element of the *corpus delicti* which could be established only by evidence independent of defendant's confession or admission.

The same point was urged in the case of *People* v. *Quarez*, 196 Cal. 404 [238 Pac. 363], where it is said:

"The *corpus delicti* of the offense defined in section 2 consists, as we have shown, of two elements—the second being the foreign nativity and non-naturalization of the appellant. The rule is well settled and the authorities numerous in this state that the extrajudicial statements, admissions or confession of a defendant cannot be used to establish any necessary element of the *corpus delicti* of the crime charged. The *corpus delicti* must be established by independent evidence before the extrajudicial statements, admissions or confession of a defendant are admissible. (*People* v. *Jones*, 31 Cal. 565; *People* v. *Simonsen*, 107 Cal. 345 [40 Pac. 440]; *People* v. *Johnson*, 73 Cal. App. 214 [238 Pac.

814].) (See, also, *People* v. *Garcia,* 196 Cal. 784 [238 Pac. 367].)

The foregoing cases are conclusive. It therefore appears that prejudicial error was committed by the court against defendant in the admission of the evidence of which complaint is made.

The judgment and the order denying defendant's motion for a new trial are reversed.

Conrey, P. J., and Curtis, J., concurred.