[Crim. No. 1211.   Second Appellate District, Division Two.—September 3, 1925.]

## THE PEOPLE, Respondent, v. SYLVESTER GONZALES, Appellant.

[1] CRIMINAL LAW—FIREARMS ACT—CORPUS DELICTI—CONFESSIONS.— In a prosecution for a violation of the so-called Firearms Act of June 13, 1923, the foreign nativity and non-naturalization of the defendant is an essential element of the *corpus delicti;* and where no witness testifies that the defendant was not born in the United States, and there are no facts upon which to base a presumption that he was foreign born, an essential element of the offense is not shown, and testimony as to certain admissions of the defendant is not admissible.

[2] ID.—CORPUS DELICTI—CONFESSIONS—ERRONEOUS INSTRUCTION.—In such an action, a requested instruction that "without independent evidence which satisfies the mind of the jury beyond a reasonable doubt that the defendant was at the time and place alleged in

---

1.  See 26 Cal. Jur. 580.

the information then and there a foreign-born, unnaturalized person, and had in his possession a firearm capable of being concealed upon the person at the time alleged in the information, the confession or admission of the defendant of the guilt would not be sufficient in law to warrant the jury in finding the defendant guilty," does not contain a correct statement of the law, and is therefore properly refused.

[3] ID.—CORPUS DELICTI—PRELIMINARY PROOF.—In such a prosecution, the proof of the *corpus delicti* which must be produced before admissions or confessions of the defendant may be allowed to be put in evidence need not be sufficient to satisfy the minds of the jurors beyond a reasonable doubt of the *corpus delicti*, but it is sufficient if the preliminary proof be of a substantial character tending to establish the *corpus delicti*, and such substantial evidence may be corroborated and strengthened by admissions and confessions of the defendant, and the proof beyond a reasonable doubt required by law thus supplied.

(1) 16 **C. J.**, p. 772, n. 27.    (2) 16 **C. J.**, p. 1003, n. 26.    (3) 16 **C. J.**, p. 737, n. 52, 54.

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Reversed.

The facts are stated in the opinion of the court.·

Arthur J. Blanchard for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and John L. Flynn for Respondent.

CRAIG, J.—The defendant was charged by information with having violated the so-called Firearms Act of June 13, 1923 (Stats. 1923, p. 696), which reads as follows:

"Section 2. On or after the date upon which this act takes effect no unnaturalized foreign-born person shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon said person. . . . "

[1] A jury having found the defendant guilty as charged, a motion for new trial was denied, and this is an appeal from the judgment and order denying said motion. It is contended in appellant's behalf that there was no evi-

3.  See 8 Cal. Jur. 167; 7 R. C. L. 777.

dence, other than a purported confession which was introduced over his objection, that he was an unnaturalized foreign-born person, and that the trial court erred in permitting the introduction of such confession without requiring the prosecution to establish the *corpus delicti.* It is insisted on behalf of the People that the evidence sufficiently showed the defendant's birth and the fact that he was not naturalized in this country, before testimony as to any alleged confession was offered.

There is no contention that the appellant was not armed, as alleged, at the time of his arrest. The only evidence which in any way tended to show that he was an unnaturalized foreign-born person consisted of the testimony of various witnesses that appellant spoke the Mexican or Spanish language, and that he could not speak English, and that of his daughter, twenty-two years of age, who said she was born in Mexico, that she came to this country with her father and mother when she was about five years old, and had lived here with her father since that time. She also testified her father had never attended school in the United States, and that he was unable to read the English language; that his hair was black and his complexion the same as her own. However, there is not the slightest intimation by any witness that the appellant was not born in the United States; nor is there any fact upon which to base a presumption that he was foreign born.

The precise point raised in this case was decided by the supreme court recently in *People* v. *Quarez,* 196 Cal. 404 [238 Pac. 363], wherein it was said: "The *corpus delicti* of the offense defined in section 2 consists, as we have shown, of two elements—the second being the foreign nativity and non-naturalization of the appellant. The rule is well settled and the authorities numerous in this state that the extrajudicial statements, admissions or confession of a defendant cannot be used to establish any necessary element of the *corpus delicti* of the crime charged. The *corpus delicti* must be established by independent evidence before the extrajudicial statements, admissions or confession of a defendant are admissible."

Authorities holding that the *corpus delicti* may be established by circumstantial evidence are cited in support of the

argument for respondent, but we fail to find anywhere in the record proof of facts or circumstances worthy of consideration in this respect. The fact that appellant brought his daughter from Mexico, and that he had remained in the United States for a period of about seventeen years, but was yet unable to speak English was all that she pretended to know about his origin. Nor is it attempted to be explained on behalf of the respondent how his appearance or ignorance of our language, or even the fact that he had been in Mexico, could be said to prove that he was not born here. Hence, an essential element of the offense was not shown, and testimony as to asserted admissions was therefore not admisible.

[2] The trial court refused to give an instruction requested by appellant that "without independent evidence which satisfies the mind of the jury beyond a reasonable doubt that the defendant was at the time and place alleged in the information then and there a foreign-born, unnaturalized person, and had in his possession a firearm capable of being concealed upon the person at the time alleged in the information, the confession or admission of the defendant of his guilt would not be sufficient in law to warrant the jury in finding the defendant guilty."

This instruction does not contain a correct statement of the law, and was therefore properly refused. [3] The proof of the *corpus delicti* which must be produced before admissions or confessions of the defendant may be allowed to be put in evidence need not be sufficient to satisfy the minds of the jurors beyond a reasonable doubt of the *corpus delicti*, It is sufficient if the preliminary proof be of a substantial character tending to establish the *corpus delicti*. (*People* v. *Ward,* 145 Cal. 736, [79 Pac. 448]; *People* v. *Jenkins,* 67 Cal. App. 631 [228 Pac. 405]; *People* v. *Besold,* 154 Cal. 363 [97 Pac. 871]; *People* v. *Ellena,* 67 Cal. App. 683 [228 Pac. 389]; *People* v. *Quarez, supra.*) Such substantial evidence may be corroborated and strengthened by admissions and confessions of the defendant, and the proof beyond a reasonable doubt required by the law thus supplied. It may be added that the defendant was not prejudiced by the failure of the trial court to instruct upon the point suggested by the request.

There being no evidence offered, independent of an alleged admission of appellant, that he was foreign born, the

judgment and order appealed from must be reversed, and it is so ordered.

Finlayson, P. J., and Works, J., concurred.