[Crim. No. 1448.   First Appellate District, Division One.—March 13, 1928.]

## THE PEOPLE, Respondent, v. GRACE G. POTTER, Appellant.

Scott & Pioda and Henry J. Corson for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was accused by information of the crime of grand theft.  It was alleged, in substance, that on or about the twenty-first day of September, 1927, she, by means of false and fraudulent pretenses, obtained certain wearing apparel from one Lois Dibrell of the total value of $234.50.   The false pretense alleged was that defendant had represented that she had a deposit of $6,000 to her account in a certain bank.   She was tried and convicted.   Motion for new trial was made and also a motion in arrest of judg-

ment. Both motions were denied and appellant was sentenced to an indeterminate term in San Quentin. Several points are relied on for a reversal of the judgment, but as one of the points, in our opinion, is decisive of the case, it will only be necessary to consider that question. ▮ It is contended that there is no evidence in the record to show that appellant did not have on deposit in the bank the amount of money she claimed to have had, for which reason the judgment should be reversed. We have examined the record carefully and we fail to find any testimony whatsoever on the subject, and respondent admits there is none. This being so, we see no escape from appellant's contention. The only testimony regarding her possession of any funds was with reference to the amount of money she carried on her person on two or three occasions. This testimony is contained in an extrajudicial statement of the defendant received in evidence, and on her cross-examination, but this evidence had no reference to the alleged false representations. ▮ The falsity of such representations made by a defendant is a material and essential element and portion of the *corpus delicti.* They form the gravamen or core of the charge and make the defendant's conduct and acts a crime when otherwise they would be entirely innocent and lawful. (*People* v. *Simonsen,* 107 Cal. 346 [40 Pac. 440]; *People* v. *Bliss,* 47 Cal. App. 503 [190 Pac. 1046].) There being no evidence in the record to show that the representations were false nothing remains but to reverse the judgment of conviction. It is therefore ordered that the orders and judgment appealed from be and the same are hereby reversed.

Knight, J., and Parker, J., *pro tem.,* concurred.