PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* DOMINGO COLÓN ET AL., Defendants and Appellants.

No. 3837.   Argued June 27, 1929.—Decided July 16, 1929.

*G. S. Pierluisi, R. Atiles Moreu* and *Francisco Capó* for the appellants.
*R. A. Gómez* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The appellants herein were prosecuted on a charge of burglary in the first degree.   They were tried and convicted by a jury, and the District Court of Ponce sentenced each of the accused to one year in the penitentiary at hard labor.

The facts of the case are substantially as follows:

Pedro Olivari Mattei kept at kilometer 22 of the Yauco–Lares road a dry goods and grocery store in charge of two clerks.   On the night of June 4, 1928, Olivari Mattei went home and at ten o'clock that night the clerks closed the doors of the store and went to bed in a room at the back thereof. Later one of the clerks woke up because of the moon shining on his face.   He called his companion and they observed that two of the doors had been opened, with the lock of one of them unscrewed and the bar of the other removed.   They informed the proprietor, and the three of them noticed that goods worth more than two hundred dollars were missing.   The police, on being notified, arrested the defendants herein and Rafael Negroni.   Domingo Colón, one of the defendants, voluntarily and after being warned according to law, testified before the municipal judge and the chief of police of Yauco that about midnight on June 4, 1928, he and Antonio Alicea and Rafael

Negroni went on a Chevrolet truck to the Olivari store whose door was opened with a screw-driver by Alicea and Negroni; that they entered and seized some parcels of goods which they carried on the truck to the house of Negroni. Defendant Alicea made two statements, under the same conditions as Colón, and the second time he testified that on the aforesaid night he went with Negroni and Colón to the store of Olivari; that they took out and carried away the goods; and that it was Colón and Negroni who went there first and called him afterwards, and he then found the door open.

It was shown by evidence introduced at the trial that the merchandise existed; that the doors had been closed by the clerks at the time they went to bed; that two of the said doors appeared later to be opened, one with the bar removed and the other with its lock unscrewed; and that the goods were in the store and had disappeared.

The defendants filed a motion for nonsuit on the ground that there was no proof of the *corpus delicti* and of the connection of the defendants with the offense charged. The motion was overruled and the defendants waived the introduction of evidence. The judge instructed the jury, who brought in the verdict already mentioned and on which the defendants were sentenced.

The definition of *corpus delicti* as established by a constant and uniform jurisprudence is very well known. The cases cited by the *fiscal* of this court (*Goldman* v. *Commonwealth*, 42 S. E. 923; *State* v. *Hand*, 41 Atl. 192; *People* v. *Jones*, 123 Cal. 65; *McBride* v. *People*, 37 Pac. 953; *State* v. *Millmeier*, 72 N. W. 275 and others) have been most aptly chosen; and *People* v. *Matos*, 26 P.R.R. 520, from our jurisprudence, is perfectly clear.

There having been proved the existence of the store and its closing at night; the condition later of the doors, one of which had been opened by unscrewing the lock and the other by removing the bar, without it being shown that they had been lawfully opened by the proprietor, his clerks or other-

wise; the former existence of the goods and their removal, the proof of the *corpus delicti* was complete.

As to the connection of the defendants with the offense, *People* v. *Rodríguez,* 28 P.R.R. 464, where it was held that the voluntary confession of a defendant is sufficient to support a judgment of conviction, *People* v. *Kent,* 10 P.R.R. 325, and other cases cited by the *fiscal* are applicable.

The errors assigned by the defense in this appeal have not been committed. The instructions delivered were correct and fair; the *corpus delicti* was proved, as well as the connection of the defendants with the crime; the verdict and the judgment were in accord with the evidence; and the motion for nonsuit was properly overruled.

The judgment appealed from must be affirmed.