[Crim. No. 15834.   Second Dist., Div. One.   Apr. 8, 1969.]

THE PEOPLE, Plaintiff and Appellant, v. JOSE FELIX MADRIGAL NAVARRO, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Ronald M. George and Frederick Millan, Jr., Deputy Attorneys General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Peter P. Gamer, Lawrence Johnson and James L. McCormick, Deputy Public Defenders, for Defendant and Respondent.

THOMPSON, J.—Respondent was charged with a violation of the Dangerous Weapons Control Law, Penal Code, section 12021. The information alleged that respondent "not being a citizen of the United States" had in his possession a concealable firearm. At a preliminary hearing held July 11, 1968, respondent was bound over for trial. On August 12, 1968, the superior court granted respondent's motion to dismiss made pursuant to Penal Code section 995. The prosecution then appealed.

The evidence at the preliminary hearing established that respondent had been apprehended with probable cause for arrest, and that he had in his possession a loaded .44 caliber Magnum revolver. Respondent could speak no English. At a later interrogation conducted in Spanish and after a proper *Miranda* warning given in that language, respondent admitted that he was in the United States illegally from Mexico.

Respondent's motion to dismiss pursuant to Penal Code section 995 and the trial court's ruling granting the motion were predicated upon the propositions that: (1) alienage is a necessary element of proof of the corpus delicti of the crime charged; (2) there was in the record no evidence except for respondent's admission tending to prove that element of the corpus; and (3) absent proof of that element, the admission was not competent evidence. The trial court thus ruled that an indispensable component of the crime was totally lacking in proof in the proceedings before the magistrate.[1]

Precedent supports the ruling of the trial court. The Supreme Court has ruled with respect to a predecessor statute of Penal Code section 12021 that the corpus delicti of the crime here charged consists of two elements: (1) possession of a concealable weapon, and (2) its possession by a foreign-born and unnaturalized person. (*People* v. *Quarez* (1925) 196 Cal. 404 [238 P. 363].) The only evidence before the magistrate in the case at bar from which alienage could be inferred (other than by his admission) was respondent's inability to speak English. That evidence in turn has been held insufficient as a matter of law to sustain the necessary inference. (*People* v. *Gonzales* (1925) 74 Cal.App. 341 [240 P. 291]; see also *Peo-*

---

[1]Appellant does not contend that in a preliminary hearing probable cause to bind the defendant over for trial may be established by the defendant's admission where there is no independent evidence of the corpus delicti.

*ple* v. *Quarez, supra,* at page 407 where, although no point is made of the fact, the court notes that the defendant testified through an interpreter.)

If this were a case of first impression, we might well hold that the inference necessary to a corpus delicti in the case at bar was properly drawn by the magistrate. We do not find, however, either the compelling reason or change in underlying law which constitutes the necessary justification for our overruling an earlier decision of this court.

The case is not so clear that the inference of foreign birth and lack of naturalization can be drawn from the inability of a Spanish-speaking person to speak English as to impel us inescapably to the conclusion that *Gonzales* is an erroneous decision.

In addition, the underlying law upon which *Gonzales* is based is the same today as it was 44 years ago when that decision was published. In 1927, two years after *Gonzales,* the Legislature enacted Code of Civil Procedure section 1983. That statute shifted the burden of negativing alienage to the defendant in situations such as that before the court in *Gonzales* and before us in the instant case. (*People* v. *Cordero,* 50 Cal.App.2d 146, 149 [122 P.2d 648].) However, section 1983 was repealed by the legislation which enacted the Evidence Code. (Stats. 1965, ch. 299, § 117, p. 1363.) The statutory law has made a full circle.

Appellant argues that regardless of the statutory history of Code of Civil Procedure section 1983, the Law Revision Comment with respect to Evidence Code sections 500 and 501 indicates that ''The defendant in a criminal case sometimes has the burden of proof in regard to a fact essential to negate his guilt.'' It then contends that from this statement flows the conclusion that Code of Civil Procedure section 1983 has impliedly been retained in the law with respect to the burden of proof in weapons control offenses in spite of its express repeal. That argument must be rejected. Appellant has cited us to no cases involving facts analogous to the one before us which supports the thesis that alienage, where an element of a crime, need not be established by the prosecution. Our independent research has had a similarly barren result.[2]

---

[2]In the very narrow area of proof of existence of a prescription in a prosecution for possession of narcotics, the burden has been shifted to the defendant. (*People* v. *Harmon,* 89 Cal.App.2d 55 [200 P.2d 32].)

The judgment of dismissal is affirmed.

Lillie, J., concurred.

Fourt, Acting P. J.—I reluctantly concur.

A petition for a rehearing was denied May 5, 1969, and appellant's petition for a hearing by the Supreme Court was denied June 4, 1969. Mosk, J., was of the opinion that the petition should be granted.

*Harmon's* genesis is, however, *People* v. *Boo Doo Hong*, 122 Cal. 606 [55 P. 402], a decision that considerably predates the *Quarez* and *Gonzales* decisions which bind us here.