## John Wagner v. The People.

*Witness: Evidence: Cross-examination: Conversations: Hearsay.* A witness for the prosecution is held to be as much the people's witness when under cross-examination as when on his examination in chief; and the fact that he is permitted on cross-examination, on a subject entered upon in the direct examination, to detail without objection a part of a hearsay story told him, will not authorize the calling out of the rest of it against objection on the re-direct examination, upon the claim that it is part of the same conversation.

Whether the result would be the same where defendants, having set up a defense by way of confession and avoidance, have, while cross-examining the witness, gone into new matters to establish such defense, and in this manner have brought out part of a conversation between the witness and a third person:—*Quære?*

*Heard October 15.    Decided October 20.*

Error to Saginaw Circuit.

Plaintiff in error was convicted of burglary, and sentenced.

*Dillingham & Ransford,* for plaintiff in error.

*Isaac Marston, Attorney General,* for the People.

CHRISTIANCY, J.

The only exception which requires to be noticed relates to the admission of testimony for the prosecution, to prove a conversation between one Wood, the people's witness, and one Highton.

Wood had testified in chief, that he searched near Highton's house for the stolen property, and found a coffee-pot (which Hollon, the alleged owner, from whom it was stolen, identified as his), and also a pair of pants. The prosecuting attorney then asked Wood, by whose direction he searched there, and he replied, "by Highton's." He was then cross-examined by defendant's counsel, and swore to what occurred between him and Highton at the time, and explained the inducements held out to Highton to disclose. But the witness did not assume to detail the conversation

of Highton; but said, as he had on his direct examination, that Highton told him where to dig. The court then allowed him, on his re-direct examination, against defendant's objection, to give the whole of what Highton said on that occasion; and, among other things, that Highton told him that defendant concealed the goods where they were found. This the court admitted, on the alleged ground that the prosecution had the right to call out the whole conversation, of which the defendant had given a part. But we think this was error. Wood was the people's witness, as well when under cross-examination as on his examination in chief; and the fact that without objection the witness was allowed to swear, both on his direct and cross-examination, that Highton told him where to look, afforded no ground for the prosecution to go into hearsay, against defendant's objection. The testimony of Wood, being necessarily connected with, and to be treated as a part of, his evidence in chief, was testimony on the part of the people, and by the people's witness; and as such, a part of the people's case.—See *Wilson v. Wagar, 26 Mich., 458, 459.* And it was not admissible for the prosecution to claim, that, because a part of the hearsay story of the witness had been told, the rest must be admitted. It was no more admissible on the re-direct examination than it would have been originally in chief. It stands upon the same ground in the one case as in the other.

We express no opinion whether the same result would have followed if the defendant had set up a defense by way of confession and avoidance, and, while having the witness on cross-examination, had gone into new matter to establish such defense, and in this manner had brought out part of a conversation between the witness and a third person. Such is not the question here.

The judgment against the plaintiff in error must be reversed, and a new trial awarded.

The other Justices concurred.