## MORGAN LEWIS v. THE PEOPLE.

*Seduction—Proof as to Marriage—Evidence.*

In an action for the seduction of a girl thirteen years old, the omission of direct proof that she was not married, the question not being raised, was held unimportant; at that age she could not lawfully be married.

In an action for seduction evidence of the conduct and appearance of the parties on the day following the alleged offense, is relevant to help ascertain whether it had been accomplished by seducive means.

Where the prosecutrix in a seduction case has testified that defendant had told her that certain other girls allowed such liberties, it was proper to ask her their names, as evidence bearing on the means used in effecting the seduction.

In the examination preliminary to an action for seduction, the prosecutrix testified that defendant had offered her no inducement and made no promise, but on the trial she testified that he had protested his love and talked to her of marriage. *Held* that it was reasonable to caution the jury, which had an opportunity to observe her, to consider her embarrassment on the examination, and her youth and degree of intelligence, and determine whether she would have volunteered to tell all that defendant had said to her about love and marriage, and whether she would consider it as a promise unless her attention was called to it, and to charge them that if they were satisfied that she had told the truth on the trial, and that defendant had induced her to consent, they should find him guilty.

Error to Hillsdale. Submitted Oct. 16. Decided Oct. 30.

SEDUCTION. The facts are in the opinion.

*Benj. P. Shephard* and *Dickerman & St. John* (on brief) for plaintiff in error. Conviction of seduction without proof that the prosecutrix is unmarried, is error, *West v. State,* 1 Wis., 209; *People v. Kenyon,* 5 Park. Crim. Rep., 254; it cannot be presumed, *People v. Lambert,* 5 Mich., 349; *Shannon v. People,* Id., 71. A charge unwarranted by evidence is error, *Amer. Trans. Co. v. Moore,* 5 Mich., 368;

*Hewitt v. Begole,* 22 Mich., 31; *Druse v. Wheeler,* 26 Mich., 200.

Attorney General *Otto Kirchner* (on brief) for the People.

GRAVES, J.   The plaintiff in error was convicted of having seduced and debauched one Alice Tiffany.

The act of intercourse, which was admitted, occurred at her father's house where she resided, on the evening of July 23d, 1876.

At that time she was only three months above the age of thirteen years.   Her mother had died some time before and she together with her sister Julia some two years older had the principal charge of some younger children.   She was going to school, and according to evidence called out by defendant's counsel, had previously been a constant attendant.

The first ground of error is that there was no proper proof that she was unmarried.   There is an express statement in the bill of exceptions that all the evidence is given. There is some reason to think that this statement is inaccurate.   At page sixty of the record the defendant's counsel is represented as proposing to read some of the testimony taken by the reporter on a former trial, and the record then states that permission was given without objection.   But the testimony does not appear.

Let it be assumed, however, for the present purpose, that all the evidence is given, and the mind is at once struck with the circumstance that no question was made in any form whatever at any time during the trial that the prosecutrix was unmarried.

The defense requested no charge on the subject, and never intimated or indicated that there was any intention to claim that she was or might have been a married woman or any hint of a purpose to raise any controversy upon that point.   From beginning to end the trial proceeded apparently upon a tacit understanding that no question of her being unmarried existed and that no inquiry need be gone into in regard to it.

It is true the record contains no direct proof of the fact that she was unmarried; but the circumstances which appear, when viewed in connection with the fact that her being unmarried was treated at the trial on all sides as something too well known and certain to be noticed and inquired about are sufficiently forcible to repel the charge of error.

Her personal history so far as shown, her extreme youth, the attitude and deportment of the defendant towards her, her position in her father's household and the surrounding circumstances generally afford very convincing evidence that she was a mere girl and unmarried. The negative evidence may not be overlooked.

Notwithstanding the nature of the case would naturally have directed attention to her having been married if in truth she had been, and the fact would have been elicited, still there was not the slightest reference to any such thing. Finally, the law was in the way of her marriage. She was not of lawful age, and it would be going far to arbitrarily suppose she may have changed her condition through a violation of law. Upon all the facts and circumstances the jury must have found she was unmarried, and without stopping to see whether in strictness some direct proof would be generally required, the court is satisfied that this verdict ought not to be disturbed for want of it.

The point was not made below, and it is now too late to allege the lack of evidence direct in form, there being abundance of other evidence.

It was objected that no evidence could be given of the conduct and appearance of the prosecutrix and defendant on the day following that of the alleged act of intercourse. The objection was not well founded. Proper inquiry of that kind was relevant to ascertain or help ascertain whether the submission of the prosecutrix had been brought about by seducive means and the inquiry was kept within due limits.

It was likewise objected that certain offers of proof by the prosecuting attorney, which, however, the court overruled,

constituted error. This requires no comment. It is not pretended the court committed any fault whatever. The proposition presents no question of law.

The prosecutrix testified that among other representations to induce her to yield the defendant told her that certain of her young female schoolmates allowed such liberties. In a previous stage of her testimony she had given the names of two of these young girls of whom he had thus spoken, without any objection, and she was at length asked to give the names of all. This was objected to. The objection has no force. The inquiry was originally proper as helping to explain the means used to accomplish the result, and having ascertained the names of two out of three without objection, it was quite right to call for the third.

The fifth, sixth and eleventh charges of error merit no notice. They are plainly frivolous.

The ninth assignment is without any exception to support it. The tenth complains that the court refused to permit the witness Porter to relate to the jury his remarks on a former occasion in regard to the conduct of the prosecutrix. The point is absurd. The court was right.

Several assignments based on the charge, although not abandoned, are not much pressed. The points have been carefully examined and they are not perceived to present any substantial or valid objection to the conviction. A particular discussion would be tedious and is altogether uncalled for. Objection is made, however, to that part of the charge relative to the seducive means necessary to be shown and to what was said about the age and situation of the prosecutrix and in regard to her testimony before the examining magistrate.

It is argued that the judge assumed as proved some of the matters necessary to show that there were seducive means and also improperly introduced considerations to lead the jury to accept the relation of the prosecutrix rather than that of the defendant as to whether the imputed means had any existence.

In view of this complaint we have very carefully scanned the instructions, which are too long to be introduced here,

37 MICH.—66.

and do not find them justly exposed to the criticism passed upon them. There is no assumption of the existence of any expedient alleged to have been employed. On the contrary the jury were given clearly to understand that it was for them to find whether or not the required means existed and were used.

It appeared that on the examination before the magistrate the prosecutrix had stated that no inducement was held out or promise made to her. In commenting on this the judge observed to the jury as follows: "You are to consider the embarrassment under which she labored at the time, and her intelligence and her youth, whether she would consider it in the way of a promise. She stated very plainly that he didn't hold out any inducements to her, and that he didn't make any promises to her. The word marriage she thought wasn't mentioned at all. You are to consider now whether a girl situated as she was, with her tender years, and embarrassed as she was, would volunteer without being questioned,—whether she would be likely to voluntarily go on and tell all that was said about love and marriage, unless her attention was called to it. You are to consider that, gentlemen, and if you are satisfied that she has told the truth in this court with regard to the love and marriage, and he induced her to consent to that intercourse, your verdict should be guilty."

When this passage is considered in connection with the residue of the charge and in the light of all the facts before the jury, and remembering that the jury had opportunity to observe the prosecutrix during her long examination on the stand and were in a situation to enable them to form an opinion of her intelligence and her liability to be unembarrassed, it seems to the court that the judge did no more than his duty. The explanation and caution would seem to have been reasonable and well timed, and we think the complaint against it is not justified.

The charge as a whole appears to have been fair and we think the jury were not misled by it.

No error being shown, the judgment should be affirmed.

COOLEY, C. J., and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case.