[Crim. No. 58.  Second Appellate District.—August 20, 1907.]

## THE PEOPLE, Respondent, v. JUAN GONZALEZ, Appellant.

CRIMINAL LAW—RAPE—INTERCOURSE WITH YOUNG GIRL—CONFLICTING EVIDENCE—PROBABILITY OF TESTIMONY OF PROSECUTRIX.—In a prosecution for rape committed by sexual intercourse with a young girl under the age of consent, where the testimony is conflicting as to the fact of such intercourse, the verdict on that question is supported. The probability of the testimony for the prosecution was for the jury.

ID.—INSUFFICIENT PROOF THAT PROSECUTRIX WAS NOT DEFENDANT'S WIFE.—Where there was no direct evidence that the girl was not the wife of the defendant, and all the testimony for the prosecution might be true, and a marriage might exist, which would not be void, but only voidable under our statute, indirect evidence by way of inference that she is not the defendant's wife is insufficient, especially where the testimony for conviction is not satisfactory.

ID.—UNSATISFACTORY EVIDENCE—ELEMENTS OF CRIME TO BE CLEARLY ESTABLISHED.—Where the sole evidence of the commission of the

crime of rape rests upon the testimony of a child who says the act was committed while she was asleep; that she woke up and found that something was inserted in her body wrong, and the defendant was at the foot of the bed; that this was the only time she had intercourse with the defendant, though she left her mother's house and was gone for a month and a half with him, it seems imperative that every element of the crime should be clearly and legally established.

ID.—IMPROPER EVIDENCE OF COMPLAINT OF CHILD.—The complaint of the child made to her mother upon her return home a month and a half after the occurrence testified to by her was improperly admitted in evidence.

ID.—COMPLAINT WHEN ADMISSIBLE.—The complaint of rape which the law permits to be introduced in evidence is one which follows so closely upon the occurrence as to be practically the first opportunity available to tell one in whom the victim has confidence. What she may say then immediately is hearsay, but the act of complaining is original evidence. The same rule is applied to those cases in which the female child is under the age of consent.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

James D. Reymert, for Appellant.

The verdict is against the evidence. There was no proof of the necessary fact that the prosecutrix was not the wife of the defendant. (Pen. Code, sec. 26.) The complaint made a month and a half after the occurrence was not admissible. It is admissible only when recent. (*People* v. *Lambert,* 120 Cal. 171, 52 Pac. 307; *People* v. *Barney,* 114 Cal. 556, 47 Pac. 41; *People* v. *Mayes,* 66 Cal. 597, 56 Am. Rep. 126, 6 Pac. 691; *People* v. *Snyder,* 75 Cal. 323, 17 Pac. 208; *People* v. *Keith,* 141 Cal. 686, 75 Pac. 304; *People* v. *Wilmot,* 139 Cal. 106, 72 Pac. 838.)

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

The whole circumstances of the case show that the prosecutrix was not the wife of the defendant. They were to be married when she became of age. The fact that she was not his wife may be shown by facts and circumstances. (*State*

v. *Reed*, 153 Mo. 451, 55 S. W. 74; *State* v. *Heatherston*, 60
Iowa, 175, 14 N. W. 230; *Lewis* v. *People*, 37 Mich. 518;
*Bailey* v. *State*, 36 Tex. Cr. 540, 38 S. W. 185; *West* v. *State*,
1 Wis. 209.) The circumstances of the case show sexual in-
tercourse, the hymen having been ruptured, in corroboration
of the testimony of the prosecutrix. (*People* v. *Howard*,
143 Cal. 316, 76 Pac. 1116; *State* v. *Depoister*, 21 Nev. 107,
25 Pac. 1000, 1004; *State* v. *Hodges*, 61 N. C. 231.) Under
the testimony, the time of the complaint was a question of
fact for the jury. As a general proposition, the fact of com-
plaint is proper. (*People* v. *Baldwin*, 117 Cal. 251, 49 Pac.
186.) No objection was made to the evidence of the com-
plaint and the motion to strike it out was not allowable.
(*People* v. *Long*, 43 Cal. 444; *People* v. *Rolfe*, 61 Cal. 540;
*People* v. *Somario*, 84 Cal. 484, 24 Pac. 283; *People* v. *Nel-
son*, 85 Cal. 426, 24 Pac. 1006; *Wheelock* v. *Godfrey*, 100 Cal.
578, 35 Pac. 317; *In re Wax*, 106 Cal. 347, 39 Pac. 624.)

TAGGART, J.—Defendant was convicted of the crime of
rape alleged to have been committed by having sexual inter-
course with a female child under the age of sixteen years who
was not his wife.

He appeals from the judgment of the superior court sen-
tencing him to ten years' imprisonment in the state prison
at Folsom, and from the order of the court denying his mo-
tion for a new trial.

In support of these appeals he urges that the verdict is not
sustained by the evidence; that there is no proof that the
prosecutrix is not the wife of defendant; that the court erred
in the instruction relating to this matter, and in not striking
out certain testimony of the mother of the prosecutrix as to
the complaint said to have been made by the latter.

In so far as the first matter urged is not covered by the
second, the presentation thereof brings it clearly within the
rule so often announced by appellate courts, that where the
evidence is conflicting the verdict of the jury will not be
disturbed. The probability of the story told by the prosecu-
trix is a matter for the jury. (*People* v. *O'Brien*, 130 Cal.
1, 5, [62 Pac. 297].)

It is admitted that there is no direct evidence that the
prosecutrix is not the wife of the defendant. There was no
attempt to establish this element of the case, but there is

6 Cal. App.—17

some testimony from which the inference might be drawn that the parties were not married. On the other hand, all the testimony of this character introduced by the prosecution might have been true and yet such a marriage exist. The case is to be distinguished from that of *Lewis* v. *People,* 37 Mich. 518, relied upon by the attorney general, in this, that the objection is a part of the record on the motion for a new trial here, while in the Michigan case the point was not made in the court below, and the appellate court refused to consider "the lack of evidence direct in form, there being abundance of other evidence," because it was too late to make this objection in the appellate court for the first time (p. 520). The age of the girl as testified to by the defendant (thirteen) was not such as to compel the assumption that there was no valid marriage between the parties for this reason. Marriage under the age of legal consent without consent of parent or guardian is made voidable only under our statute, and if followed by cohabitation freely and voluntarily after attaining the age of consent cannot even be annulled. (Civ. Code, sec. 82; *People* v. *Beevers,* 99 Cal. 286, [33 Pac. 844].) It is apparent either that the prosecution overlooked this element of the case, or tried it on the theory that the presumption of the innocence of the defendant was overcome by the presumption that a marriage contracted by a girl under the age of consent was void. The age of the girl as shown by her own and her mother's testimony (eleven) might well justify this assumption of nonmarriage. This was further strengthened by the testimony of the physician who examined the child and found that the menses had not yet appeared.

The circumstances and evidence strongly support the inference that there was no marriage, but we cannot accept or indorse the view that where there is ample opportunity for the prosecution to prove this element of the crime directly, that indirect evidence will suffice. We feel particularly disinclined to this view as applied to this case owing to the unsatisfactory character of the evidence upon which the conviction rests. It is not the province of this court to deal with the weight of the evidence where there is any conflict, but where the sole evidence of the commission of the crime of rape rests upon the testimony of a child who says the act was committed while she was asleep, that she woke up and found that

something was inserted in her body wrong and the defendant was at the foot of the bed; but this was the only time she had intercourse with the defendant, though she left her mother's house, and, the evidence shows, was gone for a month and a half with him, it seems imperative that every element of the crime should be clearly and legally established.

The complaint made by the child to her mother upon her return home a month and a half after the occurrence testified to by her was improperly admitted in evidence, and this must have been largely responsible for the verdict of guilty found by the jury.

The complaint by the victim of rape which the law permits to be introduced in evidence is one which follows so closely upon the occurrence as to be practically the first opportunity available to tell one in whom she has confidence. It is the fact of complaint *immediately* that is supposed to show that she was an unwilling victim; it being presumed that an innocent woman, so assaulted and outraged, will complain of the injury at the earliest practicable moment. What she may say is hearsay, but the act of complaining is original evidence. (*People* v. *Mayes,* 66 Cal. 599, [56 Am. Rep. 126, 6 Pac. 691]; *People* v. *Stewart,* 97 Cal. 238 [32 Pac. 8]; *People* v. *Lambert,* 120 Cal. 170, [52 Pac. 307].) The same rule is applied in those cases in which the female child is under the age of consent. (*People* v. *Baldwin,* 117 Cal. 244, [49 Pac. 186]; *People* v. *Wilmot,* 139 Cal. 103, [72 Pac. 838].)

The evidence asked to be stricken out, the failure of the court to do which is assigned as error here, is the following answer to a question propounded by the district attorney to the mother of the prosecutrix: "I know that he did wrong. She told me that he did wrong. I examined her and found her condition such that she had been wronged." The question was: "I will ask you whether or not Carmen, on or about May 15th, 1906 (the date of the alleged occurrence), or shortly afterwards, made any complaint to you that Juan Gonzalez had had sexual intercourse with her?" The court instructed the witness to answer "yes or no." She did not do so. The defendant immediately cross-examined the witness as to the time of this complaint and elicited the statement that the complaint was about a month and a half after the occurrence, whereupon he made the motion to strike out, which was denied.

The question was not objected to, and as limited by the court should have elicited an unobjectionable answer. A motion to strike out the answer as not responsive would have cleared the record, but assuming that the witness attempted to answer the questions asked, the most that can be said is that she appears to have answered that ''on or about May 15th, 1906, or shortly thereafter,'' the child told her mother that ''he did wrong.'' On cross-examination she modified this by saying that it was a month and a half after the occurrence. On redirect examination by the district attorney the witness disclaimed exact knowledge of the time, but says it was a short time after the occurrence. The only definite fixed time mentioned by the witness is, ''about a month and a half after the happening.'' This, in the witness' mind, might be, and perhaps was, entirely reconcilable with the term ''shortly thereafter'' of the direct examination, or the ''short time'' of the redirect. The only definite time to be considered by the court in ruling upon the motion to strike out the testimony was that given on cross-examination. The remarks of the court in making the ruling justify the inference that the testimony was admitted on the theory that the jury might determine the question of time as a fact. This was error. The time of the complaint was material to the determination of the question of law affecting the admissibility of the evidence, and it was the duty of the court to make its own finding of fact as to the time shown by the testimony. Conceding that the admission of the evidence by the trial court was an implied finding that the complaint was made immediately, such a finding is not conclusive upon this court, as there is no conflict in the evidence. The various statements of the witness are all compatible with each other, and when properly reconciled each with the others show that the complaint was made a month and a half after the occurrence. This being true, it should not have been admitted.

For the foregoing reasons the judgment and the order denying defendant's motion for a new trial are reversed and the cause remanded for a new trial.

Allen, P. J., and Shaw, J., concurred.