[Crim. No. 1229. First Appellate District, Division One.—February 4, 1925.]

## THE PEOPLE, Respondent, v. HARRY EWING, Appellant.

[1] CRIMINAL LAW—VIOLATION OF SECTION 288, PENAL CODE—EVIDENCE—CORPUS DELICTI.—It is not necessary that the offense denounced by section 288 of the Penal Code should be proved by direct and positive testimony. All that is required in the proof of the charges is that the *corpus delicti* be proved beyond a reasonable doubt, and it is immaterial that the evidence may be merely circumstantial.

[2] ID.—CORPUS DELICTI—EXTRAJUDICIAL ADMISSIONS.—No person can be convicted of a crime on extrajudicial admissions alone; the *corpus delicti* must be proven independent of admissions.

[3] ID.—LEWD AND LASCIVIOUS ACTS UPON FEMALE CHILD—CORPUS DELICTI—EVIDENCE.—In this prosecution for the commission of certain lewd and lascivious acts upon the body of a female child of six years of age, in violation of section 288 of the Penal Code, the evidence, independent of certain hearsay testimony, sufficiently proved the *corpus delicti*.

---

1. Definition of *corpus delicti* and general principles respecting, note, 78 Am. Dec. 252.

Proof of *corpus delicti* in criminal case, note, 68 L. R. A. 33. See, also, 7 R. C. L. 776.

2. See 7 R. C. L. 777; 8 Cal. Jur. 767.

[4] ID.—PROOF OF COMPLAINT—AGE.—The rule is that in prosecutions for violation of section 288 of the Penal Code, proof of complaint of the act while it is recent may be shown by the prosecutrix and also by the person to whom the complaint was made; and the rule also applies to complaint on the part of one under legal age, there being no distinction between cases where there was actual resistance and those in which nonconsent is inferred.

[5] ID.—COMPLAINT—EVIDENCE.—While evidence of complaint is in the nature of hearsay, its admission is justified upon the ground that in such prosecutions, when restricted to the fact of complaint alone, it is in the strictest sense original evidence.

[6] ID.—STATEMENTS OF CHILD—TESTIMONY OF MOTHER INADMISSIBLE. In such prosecution, the testimony of the child's mother as to statements of the child made to the mother, relating to what defendant had done to the child, was inadmissible as hearsay where the original statement made to the mother was elicited from the child only after a spanking had been administered to the child, and later, and after the mother had interviewed defendant, the further declaration was made by the child inculpating defendant; and the admission of such testimony was not justified by a question asked of the mother on cross-examination—if she was not in the habit of accusing her neighbors of improper acts with her children—to which question an objection was sustained.

[7] ID.—DECLARATIONS OF UNSWORN CHILD.—Hearsay evidence cannot be given of the declarations of a child who has not the capacity to be sworn, nor can such child be examined in court without oath.

[8] ID. — EVIDENCE — JUDGMENT — APPEAL. — In such prosecution, although the admission of the testimony of the mother relating to the statements of the child made to her was error, the error was not of so prejudicial a character as to require the reversal of the judgment.

(1) 16 **C. J.**, p. 772, n. 32, p. 773, n. 35.   (2) 16 **C. J.**, p. 772, n. 27.   (3) 33 **Cyc.**, p. 1495, n. 79.   (4) 33 **Cyc.**, p. 1463, n. 66. (5) 33 **Cyc.**, p. 1464, n. 67, p. 1467, n. 72.   (6) 33 **Cyc.**, p. 1466, n. 69.   (7) 16 **C. J.**, p. 622, n. 12; 40 **Cyc.**, p. 2411, n. 82.   (8) 17 **C. J.**, p. 321, n. 47.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward. Judge. Affirmed.

4. See 16 **Cal. Jur.** 10.

The facts are stated in the opinion of the court.

Spencer G. Prime and William F. Herron for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

TYLER, P. J.—The defendant was charged with the offense denounced by section 288 of the Penal Code, it being alleged that he committed certain lewd and lascivious acts upon the body of one Florence Wells, a female child of the age of six years. He was tried and convicted. Motion for a new trial was made and denied, and this is an appeal from the judgment and from the order denying the motion.

It is contended that there is no evidence in the record tending to show the commission of the crime charged or of any other crime, except the unsworn and hearsay declaration of the prosecutrix, who was not permitted to testify at the trial, she having been held incompetent after an exhaustive examination by the trial judge by reason of her inability to receive just impressions of facts or to relate them truly. At the outset it may be said that there is no direct evidence of the commission of the offense. [1] Rigorous proof, however, of the *corpus delicti* in cases of this character is sometimes unattainable, and it is not necessary that the offense should be proved by direct and positive testimony. Such crimes are committed in secrecy, and tribunals must often act upon such indications of an offense as the surrounding circumstances present. All that is required in the proof of these charges is that the *corpus delicti* be proved beyond a reasonable doubt; that the evidence may be merely circumstantial is immaterial.

The evidence in the case may be summarized as follows: Agnes Wells, the mother of the prosecutrix, testified in substance that on the afternoon of the day when the offense is alleged to have been committed her little girl had gone out to play. Directly across the street from the Wells home was situated a private garage occupied by defendant. Mrs. Wells had occasion to call her daughter, and after some delay the child emerged from the garage, where the defendant at that time was working, and crossed the street to her home in response to her mother's call. About the same time

the defendant came out through a side door of the garage into a passageway leading thereto. As soon as the child reached her mother she was taken into the house and given a spanking, after which she was asked by her mother what defendant had done to her, and she replied that he had kissed her. Thereupon Mrs. Wells went to the front door and called defendant and upbraided him for his conduct, and informed him that when her husband came home she was going to have him thrash defendant. The mother then re-entered her home. At the same time defendant crossed the street and, opening the door of the Wells home, followed Mrs. Wells down the hall, who thereupon accused him of having "a bad name for handling little children," to which the defendant answered, "Don't tell my mother what I have done. I was only kissing your little girl and fooling around her." Mrs. Wells then ordered defendant out of her house and took her daughter into a back room and further questioned her concerning the acts of defendant; the child replied that he had unbuttoned her underwear and inserted his finger in her private parts. The mother then made an examination of the clothing and person of her child, and found several spots upon her dress and undergarments. The spots were wet and white in color. She also examined the vaginal regions of the child and found them to be red and inflamed, and a woman neighbor, who was present at the examination, also testified to this abnormal condition. About this time the defendant again entered Mrs. Wells' home and asked her forgiveness, and stated to her, "It is bad but not as bad as you think it is." This statement was also made in the presence of the witness last referred to. The record further shows that the child was examined by a physician, who found the same inflamed condition testified to by the mother.

Defendant took the stand in his own behalf and denied that he had ever touched the child except that when she came into his garage he took her in his arms and put her out, fearing that she might get hurt, but that she returned and left a few minutes later when her mother called her.

This, in substance, is the entire evidence had at the trial, and counsel for the appellant claims that aside from the

hearsay declarations of the child it is destitute of any showing either that defendant committed the crime charged or that any crime in fact had been committed.

[2] It is a well-established doctrine that no person can be convicted of a crime on extrajudicial admissions alone; the *corpus delicti* must be proven independent of admissions (*People* v. *Fray,* 165 Cal. 140 [131 Pac. 127]; *People* v. *Vertrees,* 169 Cal. 404 [146 Pac. 890]; *People* v. *Frank,* 2 Cal. App. 283 [83 Pac. 578]).

[3] The character of the case does not invite a recapitulation of the facts, but we are of the opinion that the evidence, leaving entirely out of consideration the hearsay testimony hereafter discussed, sufficiently proves the *corpus delicti.* During the course of the trial, as above indicated, over the objection of defendant, the mother was permitted to testify to what her daughter had told her. The admission of this evidence is assigned as error. The prosecution seeks to justify its admission upon the ground that defendant himself had invited it. Under her direct examination Mrs. Wells, the mother, was asked whether or not her daughter had made any complaint. On cross-examination the defendant went into the matter of the first statement of the child, and then asked Mrs. Wells if she was not in the habit of accusing her neighbors of improper acts with her children, to which question an objection was sustained. The evidence was then admitted of the subsequent statement of the child to rebut the inference that might arise from the question that no complaint had in fact been made by the child.

[4] The rule is that in prosecutions of this character proof of complaint of the act while it is recent may be shown by the prosecutrix and also by the person to whom the complaint was made. [5] While such evidence is in the nature of hearsay, its admission is justified upon the ground that in such cases, when restricted to the fact of complaint alone, it is in the strictest sense original evidence. The rule also applies to complaint on the part of one under legal age, there being no distinction between cases where there was actual resistance and those in which nonconsent is inferred (*People* v. *Baldwin,* 117 Cal. 244, 251 [49 Pac. 186]; *People* v. *Wilmot,* 139 Cal. 103 [72 Pac. 838]). [6]

Here, however, the original statement made to the mother was one not in the nature of a complaint, but was elicited from the child only after a spanking had been administered to her, and later, and after the mother had interviewed defendant, the further declaration was made by the child inculpating him.

This is not the character of complaint contemplated by the rule. It is purely hearsay, and the rule does not extend to the details of the acts complained of. The cross-examination of Mrs. Wells upon this subject did not justify the admission of this incompetent evidence, and it was no more admissible on redirect examination than it would have been in chief (*Wagner* v. *People,* 30 Mich. 384; *State* v. *McDonough,* 232 Mo. 219 [134 S. W. 545]; *People* v. *Flaherty,* 162 N. Y. 532 [57 N. E. 73]; 4 Wigmore on Evidence, sec. 2119). The error is even more apparent when it is considered that the child was not sworn, she being incompetent as a witness. [7] Hearsay evidence cannot be given of the declarations of a child who has not the capacity to be sworn, nor can such child be examined in court without oath (4 Blackstone's Commentaries, c. 15, sec. 3). [8] There can be no doubt but what the admission of this evidence constituted error; but the question then arises whether the error was of so prejudicial a character as to require the reversal of the judgment. A careful consideration of this question leads us to the conclusion that it is not. The case does not present a situation where a defendant is at the mercy of the charges of a prosecutrix. The jury could have inferred from the evidence of the defendant's own admissions that he was guilty of the very character of acts denounced by the section of the Penal Code referred to; and having found a verdict of guilty, and there being, as we have seen, sufficient evidence, apart from the hearsay declarations of the child erroneously admitted, to prove the *corpus delicti,* the case is not one in which we can say that the error complained of has resulted in a miscarriage of justice.

For reasons given the judgment is affirmed.

St. Sure, J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 5, 1925, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 2, 1925.