[Crim. No. 1805. First Appellate District, Division One.—July 5, 1934.]

THE PEOPLE, Respondent, v. JACK HUDSON, Appellant.

N. J. Menard for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondents.

KNIGHT, J.—Appellant was charged with having committed petty theft and with having been three times previously convicted of petty theft. He admitted the prior convictions, pleaded not guilty to the main charge, and upon trial before a jury was found guilty. Part of the evidence introduced against him consisted of a confession which the prosecution claimed was made by him shortly after his arrest; and as grounds for reversal it is contended that the *corpus delicti* was not proved, and that therefore evidence of the confession was erroneously admitted.

It is well settled, as appellant contends, that the *corpus delicti* must be proved by evidence outside of the declarations and admissions of the defendant; but it is equally well settled that to authorize the reception and consideration by the jury of evidence of extrajudicial confessions or admissions of a defendant, the prosecution is not required to establish the *corpus delicti* by proof as clear and convincing as is required to establish the fact of guilt. Slight or *prima facie* proof is all that is necessary. (*People* v. *Bollinger,* 196 Cal. 191 [237 Pac. 25]; *People* v. *Selby,* 198 Cal. 426 [245 Pac. 526]; *People* v. *McWilliams,* 117 Cal. App. 732 [4 Pac. (2d) 601]; *People* v. *Black,* 111 Cal. App. 90 [295 Pac. 87]; *People* v. *Bonilla,* 114 Cal. App. 219 [299 Pac. 784]; *People* v. *Wilcoxin,* 69 Cal. App. 267 [231 Pac. 377]; *People* v. *Alba,* 52 Cal. App. 603 [199 Pac. 894]; *People* v. *Vertrees,* 169 Cal. 404 [146 Pac. 890].)

It may be proved by circumstances shown in evidence or by inferences drawn from facts shown. (*People* v. *Vicunia,* 105 Cal. App. 145 [286 Pac. 1061]; *People* v. *Ford,* 85 Cal. App. 258 [258 Pac. 1111].) Direct or positive evidence is not essential (*People* v. *Wilkins,* 158 Cal. 530 [111 Pac. 612]), nor is it necessary that such evidence in itself connect the defendant with the perpetration of the offense (*People* v. *Jones,* 123 Cal. 65 [55 Pac. 698]). The decisions hold also that such proof may consist of the testimony of the defendant himself when he voluntarily becomes

a witness in the case and testifies to facts which tend to prove the *corpus delicti.* (*People* v. *Kelly,* 70 Cal. App. 519 [234 Pac. 110].) Furthermore, as said in *People* v. *Clark,* 70 Cal. App. 531 [233 Pac. 980], and in the other cases hereinafter cited, while ordinarily it is the proper practice to establish the *corpus delicti* as early in the proceedings of the trial as may be practicable, the order of proof is discretionary with the court, and where the *corpus delicti* is finally established, a mere variation in the order of proof cannot be said to result in any prejudice to the defendant's rights. (*People* v. *Besold,* 154 Cal. 363 [97 Pac. 871] ; *People* v. *Wilkins, supra; People* v. *Watters,* 202 Cal. 154 [259 Pac. 442] ; *People* v. *Bollinger, supra; People* v. *Hinshaw,* 40 Cal. App. 672 [182 Pac. 59] ; *People* v. *Hatfield,* 77 Cal. App. 212 [246 Pac. 95].)

 Here the prosecution charged appellant with having stolen two steel measuring tapes from the Farmers' Union store in San Jose on or about February 1, 1934, and the essential features of the evidence adduced in support of the charge were as follows: Shortly after 1 o'clock on the afternoon of February 1st appellant attempted to sell two steel measuring tapes of the type and make alleged to have been stolen, in a pawnshop in San Jose conducted by one Passovoy. He wanted $4.50 for them. Passovoy countered with an offer of $2.50, which appellant refused to take, and he left, taking the tapes with him. In about fifteen minutes he returned and accepted the offer of $2.50; whereupon he gave Passovoy a bill of sale for the tapes, to which he signed the fictitious name "James Mason". While the transaction was being consummated the police entered, arrested appellant, and he was taken to the police station, where, according to the testimony given by the arresting officer and the chief of police, appellant confessed that he had stolen the tapes from the Farmers' Union store in San Jose. In order to verify the confession the chief of police immediately made inquiries at the store, and it was then discovered by the store management that two such tapes had been taken from the store. In this connection a salesman from the hardware department testified that the store carried tapes of the type and special manufacture in question, and that so far as he was aware no other store in San Jose

carried the same kind; that they were kept on display in the store on an open sample board, hanging on hooks; that he observed the sample board very frequently because it was close to the cash register; that there had been practically no call for that particular kind of tape; and while he could not say just when the tapes disappeared from the board, it was about February 1st; that he knew he had seen them on the board as late as January 20th, and that if they had been missing for any considerable time prior to February 1st he was quite sure he would have noticed it. Furthermore, he testified positively that within a day or two before February 1st he had seen appellant walking about the store in the hardware department; and that a check of the store records showed the tapes had not been sold in the regular course of business.

As a witness in his own behalf, appellant denied having confessed that he stole the tapes, or having visited said store for several weeks prior to the alleged theft. He admitted having attempted to sell the tapes to Passovoy at the time mentioned, but claimed he obtained them from a stranger known as "Blackie", with whom he had stayed at a certain hotel a day or two before he was arrested. In contradiction of his statement, however, it was shown that nobody answering the description of "Blackie" ever stayed at said hotel, nor was his identity known elsewhere in the regions of San Jose. Furthermore, he denied having given a fictitious name to the pawnbroker or having signed any bill of sale.

We are of the opinion that it may be reasonably inferred from the circumstances above narrated, independent of the evidence relating to the confession, that the tapes appellant attempted to sell to Passovoy were stolen from the Farmers' Union store, as claimed by the prosecution, and that, therefore, under the law of the cases cited, the action of the trial court in admitting evidence of the confession was not error. No other points being raised by the appeal, the judgment of conviction and the order denying the motion for a new trial are affirmed.

Tyler, P. J., and Cashin, J., concurred.