[Crim. No. 5541.   Second Dist., Div. Three.   June 7, 1956.]

THE PEOPLE, Respondent, v. ARVIE DEAN HENRY, Appellant.

Ellery E. Cuff, Public Defender, and Richard F. Bird, Deputy Public Defender, for Appellant.

Edmund G. Brown, Attorney General, and James L. Mamakos, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—In an indictment defendant was charged with violating section 261, subdivision 1, of the Penal Code, in that, on April 24, 1953, he unlawfully had sexual intercourse with Vickie Henry, a female person 13 years of age and not the wife of defendant. In a jury trial, he was convicted. He was sentenced to state prison. He appeals from the judgment and the order denying his motion for a new trial.

Appellant contends that the court erred in receiving evidence of his purported written confession; and that the verdict is contrary to the evidence.

Section 261 of the Penal Code provides, in part: "Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances: 1. Where the female is under the age of eighteen years; 2. . . . "

Vickie Henry, called as a witness by the People, was 15 years of age at the time of the trial. The deputy district

attorney asked her: "Are you presently or have you ever been married, Miss Henry?" She replied: "I refuse to answer that question on the grounds of incrimination." The judge told her that she would have to answer the question. The deputy district attorney then asked her if she would answer the question. She replied: "I refuse to answer it." The judge said: "Answer the question: are you married?" The witness did not answer. Then the judge said: "Did you ever get married?" The witness did not answer. The judge said: "This witness will be remanded to custody of the Juvenile Court, insubordinate."

She then testified that she was 15 years of age, was born April 2, 1941 (1940); she was in grade A9 at school; defendant is her father; she was living with her father in April, 1953; in January, 1954, she was in the General Hospital and she gave birth to a baby; the baby was alive at the time of the trial; the act of sexual intercourse which was responsible for the baby occurred in 1953; she did not have more than one act of intercourse with the person who was the father of the baby; she was 13 years of age at that time; she has not been out of Los Angeles County since the early part of 1953; she has not been married to the defendant; she has been living in the family home (home of her father) since she left Juvenile Hall.

Edna Henry, the mother of Vickie, testified that Vickie was born April 2, 1940.

Officer Brantley testified that he had a conversation with defendant on January 28, 1954, at a police station; Officer Hannibal was also present at the conversation; the statements of the defendant were freely and voluntarily made, without promise of reward or immunity; the statement of defendant was reduced to writing by the witness (Officer Brantley), who wrote the statement verbatim; the written statement was shown to defendant, who was asked to read, correct, and sign it. The witness was then asked, "Did he do so?" The witness replied, "He did." That document, "a penciled document bearing a pen-and-ink signature Arvie D. Henry," was shown to the witness, and he testified that the penciled portions of it, above defendant's signature, were in the witness' handwriting, and that the portion below that signature—the time, date, address, name of witness and name of witness' partner—was also in the witness' handwriting; he saw the signature of defendant placed on that document.

Thereupon the deputy district attorney offered the document in evidence. Defendant objected to the offer, stating that the corpus delicti had not been established. He argued that there was no evidence that an act of intercourse took place between the girl and someone to whom she was not married. The objection was overruled, and the document, which was read in evidence (Exhibit 1), was as follows:

"The first act of sexual intercourse I had with Vickie was in the first part of May, 1953. It was in the morning of a weekday. I don't remember the exact day, but it was in the morning. My wife had gone to work and Vickie got in bed with me. We are a very close family, and the children often got in bed with me. I was fondling her and she asked me what I was doing. Then I asked her didn't she want me to do that. She said she didn't know. Then I went ahead and had an act of sexual intercourse. I don't think that I got more than about one-quarter of an inch of my penis in her that time. The second and third acts were complete, and I experienced an orgasm on all three. It is possible that her child is mine but I'm not sure. Signed, Arvie D. Henry. 3:50, 1/28/54. Newton detectives, Officer Brantley and Hannibal."

On cross-examination, Officer Brantley testified that before defendant answered any of the officer's questions, defendant said, in effect, that he would rather talk to his wife before he went into this; the officer told him that it was customary in the officer's work to complete his investigation before he would permit a defendant under arrest to interview his family; he (officer) did not tell defendant he could not see his wife until he signed the document.

Defendant testified that he did not have intercourse with Vickie at any time; he did not tell Officer Brantley or any police officer that he had sexual intercourse with Vickie; he signed Exhibit 1; the officer promised him—they had an agreement that defendant could see his wife and talk to her if he signed the paper; he did not have any idea what it was he was signing; after he had signed it, the officers told him that his daughter had said he was the father of her baby. On cross-examination he said he saw the officer writing a statement; after he had finished writing, the officer handed the paper to defendant and said that if defendant would sign it he could speak with his wife; defendant signed the paper without reading it; the statements in the document are not true.

Defendant made a motion for a new trial on the following grounds: newly discovered evidence; court erred in receiving evidence of purported confession of defendant, because the corpus delicti had not been proved; and insufficiency of the evidence. In support of the motion on the ground of newly discovered evidence, defendant filed an affidavit made by Vickie Henry. That affidavit stated as follows:

"1. I [Vickie Henry] was a witness for the People at the trial of the above-entitled cause, in which it is charged that the above-named defendant, who is my father, had sexual intercourse with me on or about April 24, 1953.

"2. I did not then and never had sexual intercourse with the defendant, my father.

"3. The act of sexual intercourse, which resulted in the birth of my baby in January of 1954, was had with a 17-year-old boy of my acquaintance. I do not desire to name this person, for I have kept him out of this case thus far and desire to continue to do so, even though I have been requested to name him by name. One of such requests has come recently from the Public Defender's office through its investigating staff.

"4. When I named my father as the father of my child, I was angry with him, and, also, I was just coming out from under the influence of ether, (I had been under ether for three days) and did not realize what severe punishment he might receive as the result of my naming him. It was because of my anger toward my father, and my desire to protect my boy friend, that I named my father at that time.

"5. To me, my father is the best father that ever lived. I regret the falsehood I have told in this matter about him, and wish to retract it and to see justice done."

The corpus delicti must be established before a confession of a defendant is admissible in evidence. (*Hall* v. *Superior Court,* 120 Cal.App.2d 844, 847 [262 P.2d 351].) (It is to be noted, however, that it was held in *People* v. *Cowling,* 6 Cal.App.2d 466, 471 [44 P.2d 441], that, under circumstances where there was no prejudice to defendant, it was not error to receive defendant's admissions in evidence prior to establishing the corpus delicti.) The corpus delicti must be proved by evidence outside the confession of a defendant, but the prosecution is not required to establish the corpus delicti by such proof as is required to establish guilt. (*People* v. *Hudson,* 139 Cal.App. 543, 544

[34 P.2d 741].) ■ In order to lay a foundation for admissibility of a confession, it is not necessary that the corpus delicti be proved beyond a reasonable doubt. (*People* v. *Davis,* 47 Cal.App.2d 331, 335 [117 P.2d 917].) "Slight or *prima facie* proof is all that is necessary." (*People* v. *Hudson, supra,* 544.) ■ The corpus delicti may be proved by circumstantial evidence. (*People* v. *Ives,* 17 Cal.2d 459, 463 [110 P.2d 408].) ■ Proof of the corpus delicti does not necessarily require proof that the crime was committed by the defendant (*People* v. *Ward,* 134 Cal. 301, 306 [66 P. 372].) ; but it is necessary to prove a crime was committed.

■ An essential element of the crime of rape is that the female is "not the wife of the perpetrator." (Pen. Code, § 261.) ■ In establishing the corpus delicti of the crime of rape, prima facie proof of the nonmarriage of the female to the perpetrator of the crime is required. "Prima facie evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence. . . ." (Code Civ. Proc., § 1833.) A principal question herein is whether there was prima facie proof that Vickie was not married to "the perpetrator." This is an unusual case. (In the usual case there is testimony by the prosecutrix that she has not been married to the defendant and she had sexual intercourse with defendant.) In the present case there was testimony by Vickie that she had not been married to the defendant, but there was no testimony that she had not been married to someone else. The deputy district attorney did not ask her if she had sexual intercourse with defendant. The deputy public defender (counsel for defendant) did not ask her that question. ■ Therefore, as the case now stands—excluding the alleged confession, there was no testimony that the prosecutrix was not married to someone at the time of the alleged offense, and there was no testimony that she had sexual intercourse with defendant. Other than the testimony regarding the alleged confession, there was no testimony indicating who was the perpetrator. Counsel for the People state in their brief that "when an action is sought against an individual it is the implicit contention of the People that such individual committed the proscribed act, or in other words, that the defendant was the perpetrator of the act." It seems to be the argument of counsel for the People that "the perpetrator" of the crime of rape, within the meaning of said section 261, is the person who is charged by complaint, information or

indictment with the crime. Counsel for the People assert further that if "the People must show that the prosecutrix was unmarried to whoever was her partner in the sexual act where there is no independent evidence connecting the defendant with the act, the People are burdened with a demand extremely difficult to uphold." ▮ The burden, of course, is upon the prosecution to prove that defendant was the perpetrator. It cannot be assumed that defendant perpetrated the crime. Counsel for the People assert that there was prima facie proof of nonmarriage of Vickie, in that, the evidence shows: (1) Vickie, when called as a witness, gave her name as Miss Henry—a surname which was the same as the surname of her father; (2) she had not been married to defendant; (3) Vickie had not been outside Los Angeles County since the early part of 1953; she was living at the home of her father in April, 1953. Counsel for the People also argue that it is extremely improbable that a girl 13 years of age would have been married. In *People* v. *Gonzalez*, 6 Cal.App. 255 [91 P. 1013], defendant, who was convicted of rape, contended that there was no proof that the girl was not his wife. The court said (pages 257-258): "It is admitted that there is no direct evidence that the prosecutrix is not the wife of the defendant. There was no attempt to establish this element of the case, but there is some testimony from which the inference might be drawn that the parties were not married. On the other hand, all the testimony of this character introduced by the prosecution might have been true and yet such a marriage exist. . . . The age of the girl as testified to by the defendant (thirteen) was not such as to compel the assumption that there was no valid marriage between the parties for this reason. Marriage under the age of legal consent without consent of parent or guardian is made voidable only under our statute. . . . The circumstances and evidence strongly support the inference that there was no marriage, but we cannot accept or indorse the view that where there is ample opportunity for the prosecution to prove this element of the crime directly, that indirect evidence will suffice. We feel particularly disinclined to this view as applied to this case owing to the unsatisfactory character of the evidence upon which the conviction rests." In the present case, notwithstanding the evidence regarding the same surname, not having been married to defendant, not having been outside the county, and living at defendant's home, a marriage between Vickie

and someone other than the defendant might have existed. There was not sufficient proof of the nonmarriage of Vickie to establish the nonmarriage element of the corpus delicti, and there was not a proper foundation for receiving the alleged confession in evidence.

Also, it is to be noted that neither the district attorney nor the public defender asked Vickie whether she had intercourse with defendant. Other than the testimony regarding the alleged confession, there was no testimony connecting defendant with the alleged crime. Also, with reference to signing the alleged confession, it is to be noted that the officer admitted that, in response to defendant's request for permission to talk to defendant's wife before he answered questions, the officer told defendant, in effect, that the officer would complete his investigation of the crime before he would permit defendant to interview his family.

Appellant also asserts that the court erred in not granting a new trial on the ground of newly discovered evidence. The alleged newly discovered evidence is stated in the affidavit of Vickie, above quoted, which was filed in support of the motion for a new trial. Respondent asserts that appellant did not use reasonable diligence to discover or produce the purported evidence stated in the affidavit; that before the trial appellant's counsel should have interviewed Vickie, if he had any doubt concerning her testimony; and that he could have interrogated her at the trial (regarding intercourse with defendant). With reference to not asking Vickie, at the trial, if she had intercourse with defendant, counsel for defendant states in effect that since the district attorney did not ask that question, he (counsel for defendant) should not ask the question unless he had information that her answer to the question would be favorable to his client. Vickie was the prosecuting witness, and that fact presupposes that her answer to such a question would be adverse to defendant. There is nothing in the trial record that should have indicated to counsel for defendant that she would have answered as stated in her affidavit. There is nothing in the record that indicates a lack of reasonable diligence on the part of defendant or his counsel in not discovering prior to or during the trial the alleged facts stated in her affidavit. The case of *People* v. *DeCoe*, 25 Cal.App.2d 522 [77 P.2d 883], wherein defendant (father of the girl) was convicted of rape and his motion for new trial on ground of newly discovered evidence was denied, is factually distinguishable from the present

case. In that case the girl made two affidavits before the trial, denying her original story that she had intercourse with her father; and at the trial she denied the statements in her affidavits. A reference to the file on appeal in that case shows that the motion for a new trial was based on a letter sent by the girl to her mother. (A part of the letter had been erased.) The court said at page 525: "At most, the so-called 'newly discovered evidence,' if anything, was just another contradiction and is merely cumulative." In the present case, the girl had not been asked, at the trial, if she had intercourse with defendant and she did not testify to that effect. Her affidavit in support of the motion was not "another contradiction" and was not cumulative. So far as appears from the record, her affidavit was the first information defendant or his counsel had as to the alleged facts stated in the affidavit. Those alleged facts were, of course, very material— they pertained to the main issue in the case, as to which the district attorney (and defendant's counsel) made no inquiry of Vickie at the trial. Some of the statements in the affidavit were that she never had sexual intercourse with defendant; she had sexual intercourse with a 17-year-old boy; when she named her father as the father of her baby she was angry with her father, she was just coming from under the influence of ether, and she did not realize the severe punishment her father might receive as a result of her naming him; and she desired to protect her boy friend. In denying the motion for a new trial the judge said, in part, that "there is no showing that if she were called [as a witness] she wouldn't pull the Vth Amendment on us again." Of course, there is no assurance as to her demeanor as a witness, but her statements are in affidavit form and it is reasonable to assume that her testimony would include those statements. In any event the defendant should have the opportunity of trying to present the newly discovered evidence for the consideration of the trier of the facts. It was an abuse of discretion not to grant the motion for a new trial.

The judgment, and the order denying the motion for a new trial, are reversed and the cause is remanded for a new trial.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied June 21, 1956, and respondent's petition for a hearing by the Supreme Court was denied July 5, 1956. Spence, J., was of the opinion that the petition should be granted.