[Crim. No. 1552.   Fourth Dist.   Aug. 15, 1960.]

## THE PEOPLE, Respondent, v. JAMES NICHOLAS NANKERVIS, Appellant.

746

James D. Gunderson for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert M. Sweet, Deputy Attorney General, for Respondent.

COUGHLIN, J.—The defendant was charged with, tried by a jury for, and convicted of the offenses of lewd and lascivious conduct with a child and of statutory rape, i.e., violations of sections 288 and 261, subdivision 1, of the Penal Code, involving his minor daughter, Brenda, and allegedly occurring on November 1, 1958, and August 12, 1959, respectively. The defendant moved for a new trial which was denied. Thereupon he was sentenced to the state prison. From the order denying his motion for a new trial and from the judgment of imprisonment in the state prison which followed, he appeals.

As grounds for reversal the defendant contends that the trial court erred in permitting the introduction of testimony relating to complaints by his daughter, and of his confessions, and also that the evidence is insufficient to sustain his conviction.

At the outset of the People's case, a birth certificate was admitted in evidence which showed Brenda's date of birth to be May 15, 1945. Thereupon two police officers were called as witnesses; each testified that he had interviewed defendant's daughter on August 18, 1959; and each was asked the question: "Did Brenda make a complaint to you of a sexual nature?" Over objection that the testimony elicited was "strictly hearsay evidence, immaterial, irrelevant, and incompetent," each answered: "Yes." No further details of any conversation between the officers and the victim were developed.

After the foregoing testimony was introduced, Brenda was called as a witness; testified that she was 14 years of age; that she was in the 9th grade; that she never had been married; that she lived at 972 Arthur Drive in Anaheim, where

she lived in 1959; that defendant was her father; that he was in the navy, and was at home part of the time and away part of the time; and that he returned from Japan around the first of June of 1959. Thereupon the witness was asked questions relating to the alleged offenses charged against her father and she refused to answer on the ground that she might incriminate herself. Previously Brenda had been advised by the trial judge that she had a right to refuse to testify to anything of a sexual nature because the "constitution provides that nobody has to testify against themselves in any respect."

The defendant contends that the testimony of the officers that his daughter had made a complaint of a sexual nature to them was admitted erroneously; that such testimony is admissible only for the purpose of corroboration; and that as Brenda did not testify concerning any misconduct by her father which might be the basis of her complaint, there was no testimony to be corroborated.

In prosecutions for offenses of the character under consideration in this case, proof of the fact of recent complaints by the minor victim is admissible as original evidence and is not hearsay (*People* v. *Adams,* 14 Cal.2d 154, 158 [93 P.2d 146]; *People* v. *Wilmot,* 139 Cal. 103, 105 [72 P. 838]; *People* v. *Ewing,* 71 Cal.App. 138, 142 [234 P. 917]), although testimony concerning the details as then given, or the name of the person accused, is hearsay. (*People* v. *Huston,* 21 Cal.2d 690, 694 [134 P.2d 758]; *People* v. *Adams, supra,* 14 Cal.2d 154, 158.) It has been indicated that evidence of the fact of such complaints "is inadmissible where the prosecutrix does not take the stand, unless she is a child too young to testify" (*People* v. *Guldbrandsen,* 35 Cal.2d 514, 520, 521 [218 P.2d 977]; *People* v. *O'Bryan,* 132 Cal.App. 496, 503 [23 P.2d 94]), and is admissible "solely for the purpose of corroborating her testimony." (*People* v. *Bernstein,* 171 Cal.App.2d 279, 285 [340 P.2d 299]; *People* v. *Hubbell,* 54 Cal.App.2d 49, 63 [128 P.2d 579].) However, it is not necessary that we determine whether these are sound limitations upon the general rule, as the defendant's daughter who made the complaints to the police officers, was present at the trial and the defendant made no effort to examine her, either with respect to the making of the alleged complaints or as to the facts relating to the incidents under inquiry. Moreover, at the time the evidence in question was admitted, Brenda had not been called as a witness; had not declared her intention to invoke the privilege against self-incrimination; and there was then

no indication that the evidence in question would not be admissible under the rule now relied upon by the defendant. At that time the only sustainable ground for objection to the admission of this testimony involved the order of proof. This was a matter within the discretion of the trial court. Besides, it was not specifically urged. The objection made was that the testimony was hearsay, incompetent, irrelevant and immaterial. When the record did indicate a basis for defendant's objection, i.e., that Brenda would not reply to any questions concerning her father's alleged misconduct, the defendant did not move to strike the testimony concerning her complaints to the officers and thus waived the objection to its admission on the ground now presented. In addition, the testimony objected to, at most, only establishes that Brenda made complaints of a sexual nature, without identifying the person against whom the complaints were made or relating any of the details upon which they were based. We have reviewed the record, including the evidence, and conclude that the admission of the testimony in question, even if erroneous, did not result in a miscarriage of justice.

After presentation of the aforesaid testimony of the police officers and of Brenda, the People called, as a witness, a licensed medical doctor who testified that she had been practicing medicine since 1916; that she was engaged in a general practice with emphasis on pediatrics; that she had conducted several hundred pelvic examinations, including those made while acting for the Orange County schools and probation department over a period of 25 years; that she examined Brenda, in the presence of the latter's mother, on August 19, 1959; that this examination revealed a ruptured hymen with several old, healed lacerations; and that this condition was caused by sexual intercourse during the past several months or years, but that the lacerations had not been made within recent weeks or months.

After the introduction of the foregoing testimony, the People offered in evidence two confessions made by the defendant; one was in the form of a written statement signed by him; the other was a tape recording of a conversation between the defendant, his wife, and a deputy sheriff. These confessions established two or three acts of sexual intercourse between the defendant and his daughter during the preceding two and a half months and other acts of sexual misconduct by him toward his daughter prior to that time. Objection to the admission of these confessions upon the ground that the corpus

delicti had not been proved was overruled and the statements admitted into evidence. The defendant claims that these rulings constitute reversible error. No contention is made that the confessions were obtained improperly. To the contrary, the evidence establishes that they were given voluntarily and under circumstances which substantiate their trustworthiness. The defendant did not testify; did not deny making the statements; and did not deny their truth. ■■ The corpus delicti of the offense charged against a defendant must be established before his confession thereof may be admitted in evidence. (*People* v. *Powell,* 34 Cal.2d 196, 203 [208 P.2d 974] ; *People* v. *Simonsen,* 107 Cal. 345, 347 [40 P. 440] ; *People* v. *Henry,* 142 Cal.App.2d 114, 118 [298 P.2d 80] ; *Hall* v. *Superior Court,* 120 Cal.App.2d 844, 847 [262 P.2d 351].) ■■ However, proof thereof need not be as clear and convincing as that required to establish the fact of guilt (*People* v. *Mehaffey,* 32 Cal.2d 535, 545 [197 P.2d 12] ; *People* v. *Henry,* 142 Cal. App.2d 114, 118 [298 P.2d 80] ; *People* v. *Hudson,* 139 Cal. App. 543, 544 [34 P.2d 741] ) ; need not be beyond a reasonable doubt (*People* v. *Davis,* 47 Cal.App.2d 331, 335 [117 P.2d 917] ) ; slight or prima facie proof being sufficient (*People* v. *Mehaffey,* 32 Cal.2d 535, 545 [197 P.2d 12] ; *People* v. *Hudson,* 139 Cal.App. 543, 544 [43 P.2d 741] ) ; and may be based on circumstantial evidence. (*People* v. *Ives,* 17 Cal.2d 459, 463 [110 P.2d 408].)

■■ Proof of the corpus delicti requires proof that the alleged crime was committed (*People* v. *Henry,* 142 Cal.App. 2d 114, 119 [298 P.2d 80] ) ; that there was injury of the sort forming the basis of the crime charged and that such injury was caused by a criminal agency (*People* v. *Powell,* 34 Cal. 2d 196, 203 [208 P.2d 974] ; *People* v. *Simonsen,* 107 Cal. 345, 347 [40 P. 440] ) ; but not that the crime was committed by the defendant. (*People* v. *Cobb,* 45 Cal.2d 158, 161 [287 P.2d 752] ; *People* v. *Leary,* 28 Cal.2d 740, 745 [172 P.2d 41] ; *People* v. *Carter,* 10 Cal.App.2d 387, 388 [52 P.2d 294] ; *People* v. *Ward,* 134 Cal. 301, 306 [66 P. 372].)

■■ Rape, as defined by section 261, subdivision 1, of the Penal Code, which was one of the offenses charged against the defendant, ''is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, . . . where the female is under the age of 18 years.'' At the time the defendant's confessions were offered, the evidence showed that Brenda was under the age of 18 years, i.e., 14 years, and that an act of sexual intercourse had been accomplished with her.

The testimony of the medical doctor was sufficient to establish the latter fact. (*People* v. *Greer*, 30 Cal.2d 589, 593 [184 P.2d 512] ; *People* v. *Smith*, 100 Cal.App.2d 162, 164 [223 P.2d 82].) At this time also, the evidence showed that Brenda had not been married. As a consequence, she could not have been the "wife of the perpetrator" of the act of sexual intercourse. Thus, all of the elements of the offense, i.e., the corpus delicti, were established by prima facie proof. The defendant relies upon the case of *People* v. *Henry*, 142 Cal.App.2d 114 [298 P.2d 80], in support of his contention, but a vital fact in that case differs from the case at bar. There was no evidence in the cited case that the victim was not married. Consequently, an element of the offense was not established, i.e., that the victim was not the wife of the person who had accomplished an act of sexual intercourse with her.

The defendant contends, however, that the evidence did not show that the act of intercourse in which Brenda had engaged was caused by a criminal agency; that such act may have occurred in some other state or country where the law did not make such conduct criminal. This is an ingenious argument. Its fallacy lies in the assumption that the criminal agency referred to as an element of the crime charged exists independently of the law defining that crime. Of necessity the elements of the crime charged must be found in the law which defines that crime. It follows that the element designated as the criminal agency as well as that described as the injury of the sort forming the basis of the crime charged is defined by the law which defines the crime. As to the crime of rape, the criminal character of an act of sexual intercourse with a female is established by the provisions of section 261, subdivision 1, of the Penal Code when the female is under 18 years of age and the perpetrator is not her husband. Prima facie proof of these facts establishes the corpus delicti of the crime charged against the defendant. In reality, defendant's contention goes to the issue of the situs of the acts constituting the criminal offense with which he is charged and not to the issue of the sufficiency of the proof to establish the corpus delicti of that offense.

In this regard it should be noted that the defendant specifically contends that the evidence is insufficient to sustain the judgment of conviction because of a lack of proof that Brenda and the defendant were located in the county of Orange at the time stated in the information. The crime of rape allegedly occurred on August 12, 1959, and the charge

of lewd and lascivious conduct with a child allegedly occurred on November 1, 1958. The charge involved two different offenses occurring at two different times. The testimony adequately establishes the venue of the crime of rape. Brenda testified that she lived in her home in Anaheim, California, in the month of August, 1959, and that her father returned to that home in the early part of June of that year. Her mother, who was called as a witness by the defendant, testified that the family had lived in this home approximately six years. In his confession, defendant admitted that he had engaged in acts of sexual intercourse with his daughter since his return from Japan in June, the last occasion being on August 12th or 13th, although he denied any such acts at any previous time. The locus delicti was satisfactorily established. (*People* v. *Carter*, 10 Cal.App.2d 387 [52 P.2d 294].)

With respect to the contention that the evidence is insufficient to sustain the defendant's conviction of the crime defined by section 288 of the Penal Code, the record presents a different picture. To constitute an offense under that section, the lewd and lascivious conduct charged against a defendant must involve a child under 14 years of age. The information alleges that the offense in question occurred in November, 1958. At that time Brenda was 13 years of age. She became 14 years of age on May 15, 1959. There is no evidence that the defendant was home in November, 1958. The corpus delicti of this offense is established only by proof that Brenda had been the subject of an act of sexual intercourse. Preliminary to the admission of the defendant's confessions there was no evidence of any other act of a sexual nature of which Brenda was the subject which would support a charge of lewd and lascivious conduct with a child. In his confession the defendant denied any act of sexual intercourse with his daughter except during the two and a half months immediately preceding his arrest, although he admitted engaging in other immoral sexual acts with her during the previous one and a half to two years. Although an act of sexual intercourse with a girl under 14 years of age would constitute a violation of section 288 of the Penal Code, the evidence does not establish that the defendant was guilty of having an act of sexual intercourse with his daughter until after June, 1959.

"It is a well-established doctrine that no person can be convicted of a crime on extrajudicial admissions alone; the *corpus delicti* must be proven independent of admissions." (*People* v. *Ewing*, 71 Cal.App. 138, 142 [234 P. 917].)

As there was no prima facie proof that Brenda had been the subject of any criminal sexual act, other than that of sexual intercourse, the confessions by defendant respecting his sexual misconduct with her prior to June, 1959, are not sufficient to sustain the judgment of conviction on the count charging him with a violation of section 288 of the Penal Code in November, 1958.

That part of the judgment directing imprisonment of the defendant for the offense of rape, i.e., violation of section 261, subdivision 1, of the Penal Code and of the order denying defendant's motion for a new trial with respect thereto, are affirmed. That part of the judgment directing imprisonment of the defendant for the offense of lewd and lascivious conduct with a child, i.e., violation of section 288 of the Penal Code and of the order denying defendant's motion for a new trial with respect thereto, are reversed.

Griffin, P. J., and Shepard, J., concurred.