[Crim. No. 3051. Second Appellate District, Division One.—March 29, 1938.]

THE PEOPLE, Respondent, v. THOMAS G. DeCOE, Appellant.

Rosalind G. Bates and Carl Yanow for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant, who was found guilty by a jury of two counts each of the crimes of incest and rape, committed against his seventeen-year-old daughter, appeals from the judgment, and from the order denying his motion for a new trial.

Briefly, it appears from the record that on May 21, and May 28, 1937, after defendant's daughter Delorise, prosecutrix herein, returned home from school in the afternoon, defendant had sexual intercourse with her in the garage in the rear of their home. On June 18, 1937, the prosecutrix went to the police department and reported the matter concerning her father's conduct toward her. The visit to the police followed with the arrest of defendant.

The examining physician at Juvenile Hall made a complete examination of Delorise on June 19, 1937, and " . . . found the hymen was ruptured and relaxed. It was not a recent rupture", and that "this condition would indicate that there had been numerous acts of sexual intercourse".

Delorise testified that she had had previous sexual relations with her father for a period of two years. She further testified that upon the occasions when she had refused to accede to her father's request he would say something like "do this for me and I will do that for you", meaning that he would permit her to "go out". It appears that Delorise had discussed her resentment with her father and had stated that

she would tell her mother, but that defendant replied that it would be just her word against his.

On July 3, 1937, before the commencement of trial in the superior court, Delorise, who at that time was living away from home with her grandmother, signed an affidavit which was prepared by her father to the effect that her original story was untrue. On July 17, 1937, Delorise signed another affidavit to the same effect. She testified that her reason for signing the affidavits, which her mother brought to her, was " . . . I felt sorry for my mother and grandmother. . . . And I thought maybe they would be without support, or something, if he (defendant) had to go away". In answer to the question, on redirect examination: "It says in here (the affidavit) that you have never at any time had sexual intercourse with your father. Is that true or untrue?" the prosecutrix replied "Untrue".

Appellant contends, in substance, that the verdict is contrary to the law and the evidence; that the jury was guilty of misconduct; and that the trial court erred in refusing to grant a new trial on the ground of newly discovered evidence.

In connection with appellant's contention first above mentioned, it is argued that the testimony of the prosecutrix is inherently improbable. The observations and comments of appellate courts with regard to the testimony in those cases upon which appellant relies were appropriate and well-founded, but neither those cases, nor, in fact, any other authorities on the same subject, are of any value in determining the question as to whether, as a matter of law, the testimony of the prosecutrix in the instant case is inherently improbable. They merely serve as examples of the law enunciated therein. Under such circumstances each case must, of necessity, stand or fall upon the record of the trial. Primarily such question is for the jury to determine and where the evidence has been fully and fairly presented, it is well established that a good and sufficient reason must appear before an appellate tribunal will disturb the verdict. (*People* v. *Tedesco,* 1 Cal. (2d) 211 [34 Pac. (2d) 467].) Appellant emphasizes, in particular, the fact that the prosecutrix retracted her story in the form of two affidavits, but even this is not conclusive. The witness was examined thoroughly as to her reasons for executing the affidavits. The jury heard the testimony, saw the witness and concluded, after hearing all of the evidence both for

the prosecution and the defense, that the defendant was nevertheless guilty. Obviously both the jury and the trial judge rejected the so-called "inherent improbability" argument, and the record on appeal presents nothing sufficiently persuasive to justify any other conclusion as a matter of law.

■ The refusal of the court to grant a new trial on the ground of newly discovered evidence was proper. At most, the so-called "newly discovered evidence", if anything, was just another contradiction and is merely cumulative.

■ Appellant's contention that the jury was guilty of misconduct is wholly unsupported by the record. Based entirely on the claim that because another trial attracting considerable public attention was under way in the same building and may have influenced the jury in the determination of the issues affecting the defendant and appellant herein, it scarcely warrants judicial attention on appeal. Such contention is mere speculation.

There being no errors in the record, the judgment and order appealed from are affirmed.

York, P. J., and White, J., concurred.