[Crim. No. 3360.   Second Appellate District, Division One.—July 16, 1940.]

THE PEOPLE, Respondent, v. HARRY L. HARRIS, Appellant.

Chotiner & Chotiner and Joe Orloff for Appellant.

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

DORAN, Acting P. J.—Defendant and appellant, Harry L. Harris, was charged in an information filed by the district attorney, in count I thereof, with the violation of subdivision I of section 337a of the Penal Code, which is in effect "engaging in bookmaking", and in count II with the violation of subdivision 3 of the same code section, that is, the receiving of money to be used as a wager upon the result of a horse race.

At the trial in the superior court a jury was duly waived by the defendant and, by stipulation, the cause was submitted upon the transcript of the evidence adduced at the preliminary hearing, and the exhibits introduced therein.   The defendant was adjudged guilty as charged in both counts of the information.   A motion for a new trial was made and granted

as to count I and denied as to count II. Plaintiff, the People, gave oral notice of appeal from the order granting the motion for a new trial as to count I, which appeal was subsequently dismissed by stipulation of counsel for the respective parties.

Defendant appeals from the judgment rendered, and from the order denying the motion for a new trial as to count II.

The transcript of the evidence adduced at the preliminary hearing revealed the following. On March 25, 1940, at about 1:00 o'clock P. M., Police Officer Guy Wilkinson was in the vicinity of Third Street and Broadway, in Los Angeles. He observed the defendant moving from one side of the street to the other. Several men approached the defendant and the latter took a scratch sheet from his pocket and showed it to these men and was seen to make notations. The officer noticed one of the men, whose name he did not obtain, look at a scratch sheet that defendant showed to him. This individual handed a dollar bill to the defendant, who then crossed the street and approached the entrance of an office building. Using a telephone located in the entrance, defendant dialed a number and the officer heard him say: ''I want a parlay on 864 to 888, $1 to win.'' The officer placed the defendant under arrest. A scratch sheet was found in defendant's possession, and Officer Wilkinson checked thereon the numbers which he had heard the defendant give over the telephone. Number 864 was the number given to a horse named Moonish running in the fourth race, and number 888 was a horse named Potranco running in the fifth race, at Oaklawn Park on that day. The officer identified a piece of paper with notations thereon which he also obtained from the defendant's possession, and stated that it was an ''A B C betting marker'' used by bookmakers in recording bets, the columns thereon indicating win, place and show.

Officer Wilkinson further stated that he had had a conversation with the defendant in the presence of another officer named Ginder, and, over objections of the defendant on the ground that the *corpus delicti* had not been established, testified to the following: ''I asked him (defendant) how long he had been taking bets around there and he said for some time, and that he was working for someone else and got paid by the day.''

On cross-examination Officer Wilkinson testified that at the time he saw the unidentified third person hand the dollar bill to the defendant, he (the officer) was across the street and that he could not hear what was being said by them. The officer did not see the defendant make any memorandum of the bet at that time, nor while the defendant was crossing the street, or while he was at the telephone. The officer also could not tell from an examination of the A B C betting marker who the person was who made the bet, nor could he determine whether the notations which he saw the defendant make, prior to the time he was handed the dollar bill, were made on this sheet or on another piece of paper. The officer stated that the scratch sheet contained markings thereon such as were commonly used by bookmakers in marking the run-down winners.

No evidence was offered on behalf of the defendant either at the preliminary examination or at the trial in the superior court.

■ Appellant contends, in effect, that the court erred in admitting evidence of a confession prior to the proof of the *corpus delicti*; and, that the evidence was insufficient to support the judgment.

Neither contention can be sustained. It is well settled that slight or *prima facie* proof is all that is necessary to establish the *corpus delicti*. (*People* v. *Hudson*, 139 Cal. App. 543 [34 Pac. (2d) 741].) Assuming that the verbal admissions of the defendant amounted to a confession, in the light of the record evidence thereof was admissible.

The record reveals that the evidence, as a matter of law, is sufficient to support the judgment.

For the foregoing reasons the judgment, and the order denying the motion for a new trial as to count II, are, and each of them is, affirmed.

White, J., concurred.